516 So.2d 1175 (1987)
Dr. Henry E. JONES, Plaintiff-Appellant,
v.
HOSPITAL CORPORATION OF AMERICA, Defendant-Appellee.
No. 19076-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
Grant & Dean by Fred R. McGaha, Monroe, for plaintiff-appellant.
McLeod, Swearingen, Verlander, Dollar, Price & Noah by David E. Verlander, III, P.C., Monroe, for defendant-appellee.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
SEXTON, Judge.
This suit against Hospital Corporation of America (HCA) was brought by Dr. Henry Jones seeking a declaratory judgment and injunctive relief based on theories of estoppel, unjust enrichment, negligent misrepresentation and detrimental reliance. The trial court sustained a motion for summary judgment filed by the defendant with respect to the "claims based on the existence of a contract of sale, the existence of a contract to sell, the estoppel of defendant from denying the existence of a contract of sale or a contract to sell and an injunction...." The summary judgment was denied as to the suit's "other claims." The plaintiff appeals asserting only that because there is a material issue of fact pertaining to the issue of estoppel, the trial court erred in dismissing the demands for injunctive relief.
The appellant, a Monroe, Louisiana, physician, purchased Lot 2 of Block B, Unit 1, Monroe Medical Park in Ouachita Parish from Hospital Corporation of America in June of 1983. HCA owned adjacent Lot 1.
Dr. Jones' petition alleged that at the time of the sale of Lot 2, the defendant orally agreed to give him the right of "first refusal" on Lot 1. He further alleged that he later entered into an oral agreement with the defendant to purchase the property *1176 at an agreed upon price and took certain actions in furtherance thereof, including obtaining plans for a new building and ordering a survey of the lot. He contended that the defendant refused to acknowledge the agreement and to complete the formalities of the sale. He thus sought a declaratory judgment that a valid contract of sale was entered into or, in the alternative, that a valid contract to sell existed. In the further alternative, he sought an injunction based on estoppel.
The act of sale contained no written restrictions on the use of Lot 1, nor was there any written agreement containing a right of preemption or first refusal on the part of Dr. Henry Jones.
HCA moved for a summary judgment contending that since there was no written contract, Dr. Jones could claim no interest in Lot 1 of any kind. The district judge granted summary judgment in favor of HCA on all claims whereby Dr. Jones claimed an interest in the land or sought to restrict its alienation. His claim for damages, however, remains for trial. The dismissed claims include a claim that a sale had occurred, that there was a contract to sell, that there was a right of first refusal, that HCA was estopped from alienating the land, and that the plaintiff was entitled to an injunction.
Dr. Jones' appeal assigns as error only the granting of the summary judgment as it pertains to the issues of estoppel and injunction. In so doing, the plaintiff concedes in brief that the lack of a written instrument is fatal to his claims with respect to a contract to sell or a contract of sale.
Appellant asserts that the defendant, HCA, should be estopped from denying the existence of the written contract to sell, even though he admits these agreements were not put in writing. He alleges that HCA represented at the time of the original negotiations that the property would not be sold to a competitor and that Dr. Jones would have a right of preemption or right of first refusal. Dr. Jones claims that as a result of these representations by HCA he agreed to buy the property upon which he built his clinic. He asserts, and the record supports, that HCA has offered to sell the property to two competitors. Dr. Jones alleges, however, that HCA discussed the possibility of a sale with him in January of 1986 and that HCA did in fact offer to sell the property to him for a dollar per square foot. He claims that he accepted the offer and agreed to purchase the adjoining property and has conducted acts of corporeal possession upon the property since that time. He contends that he is ready and willing to complete the necessary formalities of the sale pursuant to the alleged agreement between the parties but that the defendant refuses. Based upon these allegations, he asserts that HCA is estopped from denying the contract of sale or contract to sell and should be enjoined from selling the property to the competitors.
Equitable estoppel is defined as the effect of the voluntary conduct of a party by which he is barred from asserting rights or defenses against another party justifiably relying on such conduct and causing him to change his position to his detriment as a result of such reliance. The three elements of estoppel are: (1) a representation by action or word, (2) justifiable reliance on the representation, and (3) a change in position to one's detriment because of the reliance. John Bailey Contractor, Inc. v. State, Department of Transportation and Development, 439 So. 2d 1055 (La.1983); Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975); First Federal Savings & Loan of Natchitoches v. American Bank and Trust Company, Coushatta, 461 So.2d 341 (La.App. 2d Cir.1984).
Defendant concedes that the summary judgment as it related to the existence of a contract of sale or a contract to sell was correct because these types of agreements must be written. Indeed, it is clear that any transfer of immovable property must be in writing. LSA-C.C. 1832, 1839 and 2440. Additionally, a contract to sell immovable property must be in writing. Harrell v. Stumberg, 220 La. 811, 57 So.2d 692 (1952); Reaux v. Iberia Parish Police Jury, 454 So.2d 227 (La.App. 3d Cir.1984), *1177 writ denied 458 So.2d 120 (La.1984); Gross v. Brooks, 130 So.2d 674 (La.App. 3d Cir. 1961). As plaintiff acknowledges these points and was apparently aware of the law with respect to immovables, we cannot find that he justifiably relied on any unwritten representation made by the defendants. Moreover, the jurisprudence specifically holds that an unwritten contract to sell or contract of sale of realty cannot be proven by estoppel. Harrell v. Stumberg, supra.
The instant case specifically concerns the right of first refusal, about which there is very little Louisiana jurisprudence. The first recognition of the concept we found is in Price v. Town of Ruston, 171 La. 985, 132 So. 653 (1931). Price dealt with the validity of the right of first refusal under a forced sale and is therefore of no assistance in resolving the instant case. The only case discussing the definition and nature of the right is Keene v. Williams, 423 So.2d 1065 (La.1982).[*]
In Keene v. Williams, the court specifically approved Professor Litvinoff's discussion of the right of first refusal in his obligations treatise. 7 S. Litvinoff, Louisiana Civil Law Treatise § 104, § 108 (1975). The court described the right of first refusal as "the option and preferred right to buy property at the price offered by a third party in the event the owner desires to sell it."
Professor Litvinoff's discussion of the right of first refusal is in the context of the classic civil law. He does not specifically refer to it later in the treatise in his section on the law of Louisiana. In discussing the right of first refusal, which he refers to as the pacte de préférence, he states that it is "certainly not a sale because even if an offer is made, the beneficiary of the pact is not bound to buy." He further points out that:
It is not a simple promise of sale either, because the prospective vendor is always free not to sell the thing. It is rather a conditional promise of sale. The condition, although on the side of the obligor, is not truly potestative but it is simply potestataive and, consequently, it does not make the obligation null. The enforceability of a pacte de préférence is unquestionable. In regard to contractual requirements, transfer of ownership, risk and damages for nonperformance, a pacte de préférence is governed by the same rules as unilateral promises of sale.
(footnotes omitted)
Thus, Professor Litvinoff indicates that the civil law treats the pact as a unilateral promise to sell and points out that it is not a pure option, though it has some of the features thereof. In light of the Supreme Court's approval of Professor Litvinoff's discussion on the subject, we adopt his cogent definition and classification.
Thus, a pacte de préférence is a type of contract to sell. As we have previously noted, such a contract must be in writing to be enforceable, therefore, estoppel will obviously not lie to prove the pacte de préférence or right of first refusala type of contract to sell. Plaintiff's contention that he should have the opportunity to pursue this claim by way of estoppel is thus in error.
This leaves for consideration appellant's request for an injunction. This demand is based on the theory of estoppel. Since estoppel will not lie to prove any contract to sellin this case the right of first refusalthe remedy of an injunction based on estoppel is likewise not available.
However, we do need to note that the appellant suggests that if estoppel is inapplicable, the facts nevertheless may support the existence of a predial servitude or a building restriction, the existence of either of which appellant contends would entitle him to an injunction. However, predial servitudes must be in writing. LSA-C.C. Art. 2440; Langevin v. Howard, 363 So.2d 1209 (La.App. 2d Cir.1978), writ *1178 denied 366 So.2d 560 (La.1979). Likewise, building restrictions, which are classified as servitudes, must be in writing. LSA-C. C. Arts. 770, 776 and 777; McGuffy v. Weil, 240 La. 758, 125 So.2d 154 (1960). Again, the lack of a written instrument is fatal to the plaintiff's position.
The final issue is appellee's request made in brief for damages for frivolous appeal. However, a request for damages for frivolous appeal made in brief cannot be entertained. LSA-C.C.P. Art. 2133; Guidroz v. State Farm Fire & Casualty Co., 334 So.2d 535 (La.App. 1st Cir.1976).
The judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] We located only two other cases in which the right of first refusal was at issue, Crawford v. Deshotels, 359 So.2d 118 (La.1978), and Marr v. Hebert, 415 So.2d 254 (La.App. 2d Cir.1982). Crawford dealt with whether the contract at issue was an option requiring a time limit or a contract of first refusal, which does not. Marr dealt with the right of first refusal with respect to testimentary bequests. Thus these cases also lend no assistance to the instant issue.