574 So.2d 1280 (1991)
HOLIDAY BOSSIER LIMITED PARTNERSHIP, Plaintiff/Appellee,
v.
LOUISIANA TAX COMMISSION, et al., Defendants/Appellants.
No. 21995-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
Rehearing Denied February 21, 1991.
Writ Denied April 26, 1991.
*1281 Henry N. Brown, Jr., Benton, for defendant-appellant Larry C. Deen, Sheriff and Ex-Officio Tax Collector.
James D. Hall, Bossier City, for defendant-appellant Robert Cochran, Tax Adm'r and Ex-Officio Tax Collector for City of Bossier City.
Robert H. Abbott, III, Baton Rouge, for defendant-appellant La. Tax Com'n.
Wiener, Weiss, Madison & Howell by Neil T. Erwin, Shreveport, for plaintiff-appellee.
Before MARVIN, SEXTON, NORRIS and LINDSAY, JJ., and FRED W. JONES, Jr., J. Pro Tem.
LINDSAY, Judge.
Defendants, Larry C. Deen, Sheriff and Ex Officio Tax Collector for the Parish of Bossier, (Deen) and Robert Cochran, Tax Administrator and Ex Officio Tax Collector for the City of Bossier City, (Cochran)[1] appealed the judgment of the trial court which reversed a decision of the Louisiana Tax Commission. In reversing the judgment of the tax commission, the trial court found that certain property had been excessively valued and ordered a refund of the excess ad valorem taxes in the action by plaintiff, Holiday Bossier Limited Partnership, for the refund of allegedly erroneous ad valorem taxes paid by it under protest. For the following reasons, we reverse the trial court judgment and reinstate the decision of the Louisiana Tax Commission upholding the assessment of the Tax Assessor for Bossier Parish.[*]

ISSUES PRESENTED
On appeal, the following specifications of error have been asserted:
1) The trial court erred in failing to find that plaintiff was estopped from contesting the assessment as the minutes of the Bossier Parish Police Jury sitting as a Board of Tax Review reflect that no one appeared on behalf of plaintiff nor was information furnished to cause a change in the assessment; and,
2) The trial court erred in finding that the Bossier Parish Tax Assessor was not correct in the value placed upon the property and in applying the wrong standard of review in reversing the decision of the Tax Assessor, Board of Review and Louisiana Tax Commission.

*1282 FACTS
Plaintiff is the owner of the Holiday Inn located at 150 Hamilton Road, Bossier City. The property has access to both east and westbound travel on I-20 and is considered to be one of the best motel locations in the Shreveport/Bossier City area. The land consists of approximately 4-5 acres fronting on Hamilton Road facing I-20 and the improvements thereon consist of motel units, meeting rooms, lounge and a separate restaurant building. Paved parking and a swimming pool as well as landscaping and fencing are also on the property. The motel is a 242 room brick on wood frame two-story building which was constructed in 1967. There has been no increase in the number of rooms since that date. The lobby and restaurant area were renovated in 1985. The record also shows that the property had recently been the subject of a sale for the sum of $9,800,000.
For the tax year 1988, ad valorem taxes were assessed against the Holiday Inn based upon the Bossier Parish Tax Assessor's fair market valuation of $4,855,000. The taxpayer asserted that due to the severe economic downturn in the area as well as the condition of the building, a more fair valuation would be $2,500,000. On August 29, 1988, in accordance with La.R.S. 47:1931 et seq, plaintiff, through its managing partner, Sedalia Corporation, filed a Notice of Request for Review with the governing body of Bossier Parish by which it requested review of the assessed value. Plaintiff alleged that it felt the fair market value of the property as of January 1, 1988 was $2,500,000, based upon an appraisal report prepared by its appraiser. The Police Jury, sitting as a Board of Review, allegedly without affording the required notice of a hearing date, approved the assessed valuation. In a letter filed on October 24, 1988, plaintiff timely protested the Board of Review's approval of the assessed valuation of the Holiday Inn to the Louisiana Tax Commission, which held a hearing on December 19, 1988. On December 31, 1988 the taxes assessed upon the property became due and with four checks dated December 30, 1988, plaintiff paid the taxes. By the notation "paid under protest" on two checks, plaintiff notified Deen and Cochran that the payment of $24,567.69 to Deen and $8638.21 to Cochran were made under protest. Ad valorem tax payments for 1988 for $24,601.03 to Deen and $8638.21 to Cochran were paid without protest. On January 31, 1989 the Louisiana Tax Commission filed its reasons for decision upholding the Assessor's valuation of the property.
At the hearing before the Louisiana Tax Commission, Mark Armstrong, testifying on behalf of plaintiff, testified that the Holiday Inn in Bossier City had been a successful hotel. However, during the oil boom from 1978 to 1982, other hotels were built, resulting in an overbuilding of hotel rooms in the area. During the subsequent period of economic decline, several motels and hotels in the area were forced into bankruptcy. Although the Bossier City Holiday Inn continued to operate, its revenues had declined in the last several years. In connection with this testimony, the plaintiff presented an appraisal showing the value of the property to be $2,552,400, using the income approach to value.
Don Beach, a consultant on behalf of Bossier Parish, testified he was asked to evaluate various assessments upon commercial properties. During the course of his investigation, Beach visited every motel in Bossier Parish to examine market value. Using an income approach, Beach testified he used a $38 per night room rate and allowed plaintiff a 50% vacancy and 60% expense ratio with a 14% capitalization rate. With this approach, Beach calculated a value of approximately $4,100,000. This sum amounted to twice plaintiff's approximate gross income of $2,000,000. He testified that plaintiff's income statement (which was apparently not presented until some time well after the tax assessment was made) did not include other income derived from the motel, particularly from the restaurant. Beach testified this was in error as the restaurant was very active and produced considerable income, as did other aspects of the motel's operations. Using calculations on the restaurant income, Beach concluded the total value of the *1283 property was in the range of $4,500,000 to $4,600,000. Dividing this valuation by the number of rooms, it worked out to be approximately $20,000 per room, compared to the taxpayer's appraisal of approximately $9,000 per room.
Beach pointed out that the hotel had excellent access to I-20 and when the property was examined by him, it appeared to have high occupancy. The buildings appeared to be in good shape and there was no indication that major repairs were necessary. Neither Beach nor the taxpayer's appraiser used the sales of other hotels as comparables in making their valuations.
Upon review of the matter, the Louisiana Tax Commission stated in its reasons for decision that in reviewing the evidence it was clear the taxpayer had failed to include all of the income attributable to the property, namely the restaurant and bar income. When all income and expenses were included and the net operating income capitalized, the results reached were close to the value set by the Assessor. The Tax Commission stated that plaintiff had presented an income approach to value supported by income and expense printouts, which information had not been presented to the Assessor. After reviewing the evidence, the Tax Commission affirmed the Assessor's valuation.
On January 31, 1989 plaintiff instituted this action for the refund of the allegedly excessive assessed ad valorem taxes naming as defendants, the Louisiana Tax Commission, Deen and Cochran. In its petition, plaintiff asserted it was entitled to judgment ordering Deen and Cochran to refund to it the excess in ad valorem taxes levied on its property and paid under protest for the tax year 1988. Plaintiff alleged that the assessment should have been based upon its appraisal value of $2,500,000, rather than the tax assessor's fair market valuation of $4,855,000. Plaintiff also sought judgment for all costs of the action together with attorney's fees.
Defendants, Deen and Cochran, filed general denial answers in which they alleged that taxes against Holiday Inn were correctly based on a fair market value of $4,855,000.
After reviewing the evidence, the trial court held that the findings of the Louisiana Tax Commission were manifestly erroneous and fixed the property value for 1988 at $2,552,400. The trial court noted defendants' claim that the failure of plaintiff to appear at the Police Jury meeting estopped it from asserting its rights. The court found that estoppel had no application as the authorities were put on notice that taxes were being paid under protest when separate checks were written and defendants were never led to believe to their detriment that plaintiff had abandoned its protest. On the contrary, the record clearly established that plaintiff had fulfilled every legal requirement to protest the assessment except for its appearance at the Police Jury meeting. The trial court stated the record did not reflect plaintiff had received notice of the meeting and the minutes showed no meaningful discussion of this particular protest. Additionally, the trial court noted there was no discussion of this issue raised at the Tax Commission hearing relative to plaintiff's non-appearance at the Board of Review. Stating that estoppel was never favored under law and must be proven clearly by the party asserting it, the trial court held that the plea of estoppel would be denied.
In reviewing the amount of property valuation, the court noted that its review of the matter was strictly confined to the record and the assessment was presumed to be correct until the contrary was proven by the taxpayer. The court found that the motel's restaurant income, which was omitted from the taxpayer's appraisal, was "negligible" and that the income approach used by the taxpayer was more plausible than the valuation placed upon the property by the tax assessor. Accordingly, the trial court found that the taxpayer's appraisal of $2,552,400 was correct and ordered the refund of the ad valorem property taxes paid under protest which were based upon the tax assessor's higher valuation.

*1284 ESTOPPEL
In brief, defendant notes the Police Jury sitting as the Board of Tax Review is required to conduct a public hearing and did so in this matter. The Board of Tax Review is required to publish in accordance with law the date and time of its meeting. In this particular matter the Board met for two days and on both occasions the taxpayer failed to appear and to present information. Therefore, defendant asserts the taxpayer is now estopped from contesting the assessment because it presented no information to the Board of Review and did not appear before that Board.
Equitable estoppel has been defined as the effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. Estoppel is not favored and is invoked sparingly because it acts to bar the normal assertion of rights. Estoppel is found only when the following elements are proven:
1) A representation by conduct or words;
2) A justifiable reliance;
3) A change in position to one's detriment because of the reliance.
The doctrine is based upon good faith and is designed to prevent any injustice by barring a party from taking a position contrary to his prior acts, admissions, representations or silence. KPW Associates v. S.S. Kresge Company, 535 So.2d 1173 (La. App. 2d Cir.1988), writ denied, 537 So.2d 1167 (La.1989); Lilly v. Angelo, 523 So.2d 899 (La.App. 4th Cir.1988); Dizell v. Durr, 519 So.2d 863 (La.App. 4th Cir.1988); Jones v. Hospital Corporation of America, 516 So.2d 1175 (La.App. 2d Cir.1987), and Anderson v. Anderson, 506 So.2d 200 (La. App. 5th Cir.1987), writ denied, 508 So.2d 70 (La.1987).
The doctrine of equitable estoppel is not applicable in this case. Initially, it should be noted there was no evidence that plaintiff's conduct in failing to appear at the Board of Tax Review meeting was a voluntary or deliberate act. The Board or Tax Review admittedly sent no notice of the hearing to plaintiff even though the Board was aware of this particular taxpayer and its address as that information appeared on the face of the Notice of Request for Review timely submitted by plaintiff. That document also contained a form at the bottom for use by the Assessor by which to notify the taxpayer of the date and time of the review. Considering the ease by which the Assessor could have given plaintiff individual notice of the hearing and further considering the presence of an individual notification procedure on the review form, it is difficult to understand why the Assessor chose to exclusively rely on notification by publication. Further, as the Request for Review indicated, the taxpayer was based in Texas, and the taxpayer's contention it was not aware of the notice by publication is reasonable and supported by the record. Since the taxpayer had no notice of the hearing, it cannot be said that its failure to appear was a voluntary action that would support a claim of estoppel.
More significantly, there is nothing in the record that would establish or even imply the Assessor was in any way prejudiced by the taxpayer's failure to appear or that the Assessor detrimentally relied upon this conduct. Both parties were allowed to present their evidence at the hearing before the Tax Commission. Thus, the lack of a meaningful discussion or review before the Board of Tax Review was of no consequence. In the absence of a showing of prejudice or detrimental reliance by the Assessor, his claim of estoppel is misplaced.

VALUATION OF THE PROPERTY
Defendants argue that the assessment placed upon the property was not erroneous. Defendants contend that the tax assessor's valuation is fair and correct and the income information used by plaintiff/taxpayer in its appraisal did not include the total income derived from the operation. Defendants argue that when the motel's revenue from all sources is considered, and an income approach is used *1285 to reach a valuation, the tax assessor's value was correct. Defendants assert this valuation is uniform and equitable in comparison to similar properties situated in the area. Thus, it was clear the decision of the Louisiana Tax Commission was not capricious, arbitrary or manifestly erroneous.
The Constitution of 1974 specifies that property subject to ad valorem taxation shall be listed on the assessment rolls at its assessed valuation, which shall be a percentage of its fair market value. Further, each Assessor shall determine the fair market value of all property subject to taxation within his parish or district. The fair market value shall be determined in accordance with criteria which shall be established by law and which shall apply uniformly throughout the state. The correctness of assessments by the Assessor shall be subject to review first by the parish governing authority (which is in most cases the Parish Police Jury), then by the Louisiana Tax Commission and finally by the courts, all in accordance with procedures established by law. Dow Chemical Company v. Pitre, 468 So.2d 747 (La.App. 1st Cir. 1985), writ denied, 474 So.2d 1308 (La. 1985).
When one is aggrieved by a final decision in an adjudication proceeding, the party is entitled to judicial review under the Administrative Procedure Act.[2] La. R.S. 49:964 provides that the scope of review shall be confined to the record. Where an administrative agency or hearing body is the trier-of-fact, the courts will not review the evidence before such body except for the following limited purposes: 1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; 2) to determine whether or not the fact findings of the body were supported by substantial evidence; and, 3) whether or not the hearing body's conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body's discretion. Hanson v. Louisiana State Racing Commission, 436 So.2d 1308 (La.App. 4th Cir. 1983), writ denied, 443 So.2d 592 (La.1983).
La.R.S. 49:964(G) provides, in pertinent part, that:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(5) Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record ...
The manifest error test for reversal of administrative action is used in reviewing facts found by the agency, as opposed to the arbitrariness test used in reviewing conclusions in exercises of agency discretion. Johnson v. Odom, 536 So.2d 541 (La.App. 1st Cir.1988), writ denied, 537 So.2d 213 (La.1989).
Accordingly, we must look to the record to determine whether the trial court properly reviewed the decision of the Tax Commission in determining that its decision was manifestly erroneous. In addition to the facts previously recited, the record reveals the following.
The economy in the Shreveport-Bossier City area has declined and this decline has affected the hotel-motel industry. Nevertheless, in considering the income derived *1286 from this motel, and using an income approach to value, the evidence shows that the value of this property is in line with the assessor's valuation.
Attached to the taxpayer's appraisal is a balance sheet showing income and expenses for 1987. (A copy of this balance sheet and a copy of the analysis of value prepared by the taxpayer's appraiser are attached to this opinion as an unpublished appendix). The 1987 balance sheet sets forth the total income and expenses of the motel for 1987, the last full year prior to the assessment. This income and expense information contradicts the taxpayer's analysis of the income and expenses used to compute the value of the property.
In order to apply an income approach to value, all income and expenses should be considered. The taxpayer's 1987 balance sheet of income and expenses shows that although the income derived from room rental was included in the appraisal, other items of income were omitted. The balance sheet shows that in addition to the room revenues, the taxpayer received gross income of $708,886 for food sales, $93,662 for beverage sales, $73,368 for telephone revenue and $18,153 of "other income", for a total additional gross income of $894,069. From this figure, of course, the expenses incurred in earning this income must be deducted. Nevertheless, we think it is significant that the taxpayer's appraiser totally excluded these figures (both net and gross income) from his computations.
In further comparing the taxpayer's appraisal to the balance sheet, it appears that the taxpayer's appraiser deducted from the room income all of the general and unapportioned expenses, as well as the expenses directly attributable to the rooms. These general and unapportioned expenses should have been applied against all income, and not just against the room income. By deducting all expenses from room rental income, the taxpayer's appraiser was able to make it appear that the net income derived from the room rentals was lower than it actually was.
A review of the 1987 balance sheet shows that after all income and expenses have been considered, (except the debt service and the ad valorem property taxes themselves), the net operating income from the motel was $462,279. Using the capitalization rate of 10% which was submitted by the taxpayer's appraiser, the value of the property amounts to $4,622,790. This value represents only a 5% difference from the tax assessor's valuation and assessment of $4,855,000.
The tax commission was presented with the evidence outlined above, as well as with the testimony of Mr. Beach, the assessor's appraiser. The tax commission obviously accepted Mr. Beach's testimony as credible. The tax commission also considered the taxpayer's appraisal and the statement of income and expenses attached thereto, which showed the complete picture of the motel's income and expenses. The tax commission acted upon this evidence in upholding the accuracy of the assessment. The tax commission was entitled to judge the credibility of the witnesses and the appraisals submitted by the parties. After reviewing the evidence, the tax commission concluded that the valuation set by the assessor was accurate and denied relief to the taxpayer.
The taxpayer strenuously argues in brief that the only income which should be considered in valuing this property is rental income from the motel rooms and that it is improper to consider other income. However, there is no expert testimony or other evidence in the record to support this contention. The import of the testimony of the assessor's appraiser was that other income should be included. The tax commission felt that it should be included and we are unable to find error in such conclusion.
The record reveals that the factual findings of the tax commission were supported by substantial evidence. It appears that the trial court treated this case as one in which it was ruling on the evidence for the first time and simply substituted its judgment for that of the tax commission. Our review of the record further reveals that the conclusions of the tax commission were not arbitrary nor an abuse of discretion. Accordingly, we conclude that the decision *1287 of the tax commission was not manifestly erroneous and the trial court was in error in finding to the contrary.

CONCLUSION
For these reasons, the judgment of the trial court is REVERSED, and the decision of the Louisiana Tax Commission, upholding the assessment of the Tax Assessor for Bossier Parish, is REINSTATED. Costs are assessed to the plaintiff.
FRED W. JONES, Jr., J. Pro Tem., dissents and assigns written reasons.
FRED W. JONES, Jr., Judge Pro Tem., dissenting:
The evidence and testimony presented of the Louisiana Tax Commission hearing established that during the past few years the assessed value of plaintiff's property had increased despite a generalized poor economy and bad economic conditions for the hotel/motel industry in the Shreveport/Bossier area. Following the oil boom, there was an overabundance of rooms, significantly declining room rates and a severe drop in occupancy rates forcing many area hotels/motels in bankruptcy or foreclosure. The evidence further established that plaintiff's property was at a disadvantage in the marketplace due to its age, the availability of superior motel/hotel space and the need of fairly extensive repairs. Despite evidence of a declining economy and the declining condition of the property, the valuation of the property had increased from $2,167,333 in 1986 to the 1988 valuation of $4,855,000. This trend does cast some doubt on the accuracy of the Assessor's appraisal and the sensitivity of that appraisal to current economic conditions.
The trial court found that the "rule of thumb" method of assessment used by the Assessor did not adequately compensate for these economic problems and the income approach employed by plaintiff/taxpayer is more accurate under these circumstances. Further, it appears the trial court was impressed by the thorough and well-reasoned appraisal prepared by plaintiff, which was in stark contrast to the rather abbreviated one page appraisal by defendant's representative. The more detailed and well-supported appraisal submitted by the taxpayer was more persuasive and the conduct of the Tax Commission in accepting the Tax Assessor's valuation was clearly arbitrary and capricious as it did not properly take into consideration the decreasing profitability of this limited use property. The Tax Assessor does not have the resources to prepare such a detailed appraisal on every parcel of property but under the particular circumstances presented by this business a more detailed evaluation is warranted.
The record further establishes that the trial court did not err in holding that the Tax Commission was manifestly erroneous in its fact-findings. I would find, as did the trial court, the Tax Commission was manifestly erroneous in its reliance on the income from the bar and restaurant operations of the property as a significant factor in affirming the Assessor's appraisal. It appears from his testimony that the Assessor's representative was confused as to the total amount of income derived from the restaurant and bar, which confusion may have caused in part the unreasonably high assessment.
In summary, the Tax Assessor's evaluation was abbreviated and did not properly account for the poor economic situation of this property. The value of this property is linked to the ability of the owner to rent the rooms so that factors which limit this ability, such as a poor economy, must be considered by the appraisal. Thus, the Tax Commission was arbitrary and capricious in affirming the assessment by the Tax Assessor.
Finally, the trial court did not err in apparently failing to consider evidence of comparable sales presented by defendant. These comparables would not adequately distinguish the physical differences in the various hotels/motels, particularly the actual condition and desirability of the rooms. In the absence of evidence that the "comparables" were, in fact, substantially similar in location, physical condition, marketability and desirability, these figures should not be considered. Further, the comparables *1288 relied upon by defendant were apparently prepared by a real estate appraiser who was not called to testify at the hearing before the Tax Commission or the trial court. Obviously, the information submitted by the Assessor was hearsay and not proper evidence before the court.
For these reasons, I respectfully dissent.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, NORRIS, LINDSAY and FRED W. JONES, Jr., JJ.
Rehearing denied.
NOTES
[1] The record herein contains a timely Motion and Order for a suspensive appeal by Cochran. Cochran received a notice of lodging but did not receive a notice that the appeal would be dismissed due to his failure to timely file a brief pursuant to U.R.C.A. 2-8.6. As Cochran's appeal was timely and his interests are identical to Deen, the appeal will be maintained despite his failure to file a brief.
[*] This case was assigned to a five judge panel pursuant to La. Const. Art. 5, § 8(B).
[2] We note that the holding of the Louisiana Supreme Court in Dow Chemical Company v. Pitre, 421 So.2d 847 (La.1982), that the Louisiana Tax Commission is not subject to the Administrative Procedure Act appears to have been legislatively overruled by the 1982 amendment to the La.R.S. 49:967(A). The amendment provides the Louisiana Tax Commission is governed by the Act unless otherwise specifically provided by law. Although La.R.S. 47:1998 authorizes judicial review of decisions of the Tax Commission, it does not set forth any specific procedures or standards for such judicial review. In the absence of a specific provision regarding the standard of review, it does not appear that La.R.S. 47:1998 would be sufficient to exclude application of the Act pursuant to La.R.S. 49:967(A). We further note that the parties have not objected to the application of the Act by the trial court.