JONES, Judge.
Appellant, the Louisiana Cemetery Board, “the Board”, appeals the trial court’s judgment reversing and setting aside the Board’s revocation of appellee, Restlawn Park Cemetery, Inc.’s, certificate of authority, but enjoining and prohibiting Restlawn from entering into pre-need sales *836 contracts until the amount of money in Restlawn’s Merchandise Trust Fund equals the amount required to be in the fund under the provisions of La.R.S. 8:501 et seq. We affirm the trial court’s judgment finding that it had a legitimate basis to modify the Board’s decision. However, we remand this matter to the trial court to fashion a plan for the payment of the required funds.
In the course of performing a periodic on-site examination of Restlawn Park Cemetery, Inc., the Executive Director of the Louisiana Cemetery Board, Ms. Francine Mayeaux, learned that Restlawn may have been engaging in the pre-need sale of cemetery merchandise without making the requisite deposits to the Merchandise Trust Fund. La.R.S. 8:502 requires that cemeteries which sell cemetery merchandise on a pre-need basis (for delivery at an uncertain future time or more than 120 days after receipt of final payment), must deposit 50% of such sales in a Merchandise Trust Fund. A subsequent examination revealed 2,145 separate transactions in which Restlawn failed to make deposits to the Merchandise Trust Fund, resulting in a $625,956.11 deficit to the Merchandise Trust Fund.
The Board provided Restlawn with these findings and called upon it to inform, explain and remedy the situation. When Restlawn failed to do so the Board instituted an administrative hearing, conducted pursuant to the provisions of the La.R.S. 49:950 et seq., the Louisiana Administrative Procedure Act. Notice was served upon Restlawn that the hearing would be conducted pursuant to the Board’s authority under La.R.S. 8:75 which authorizes the Board to revoke or suspend a cemetery’s certificate of authority for any failure to comply with the provisions of Title 8 of the Revised Statutes.
During the hearing, conducted September 18, 1990, agents for Restlawn admitted that a deficiency to the Merchandise Trust Fund existed and was due and owing as of the date of the hearing. Although the evidence was uncontroverted that a deficiency existed, the board postponed the hearing for a month in order to allow Rest-lawn an opportunity to resolve the deficiency. The hearing reconvened October 28, 1990 and Restlawn reported that it was unable to obtain financing and had no funds to satisfy the deficiency. The board unanimously voted to revoke Restlawn’s certificate of authority.
Restlawn filed a petition for rehearing on October 29, 1990 which the Board denied. Restlawn then filed for judicial review on December 28, 1990, sought and obtained a stay order staying the effect of the decision of the Board. The stay order was renewed several times pending the outcome of the judicial review. On June 17, 1991 the trial court granted judgment finding that Restlawn was in violation of the requirements of La.R.S. 8:501 et seq. and that the Board’s revocation of Restlawn’s certificate of authority was in accordance with the Administrative Procedure Act and in compliance with the requirements of due process. The court, however, concluded that the revocation of the Restlawn certificate of authority was “unnecessarily harsh and not in the public interest.” Consistent therewith the trial court reversed the Board’s decision revoking Restlawn’s certificate of authority but enjoining Restlawn from entering into pre-need sales contracts until the deficiency in the Merchandise Trust Fund has been paid.
The Board filed a motion for a new trial on June 24, 1991 following which the trial court issued an amended judgment, the only effect of which was to extend the injunction issued in the original judgment to apply to all affiliates, subsidiaries, related companies and/or any other persons, firms or corporations acting on Restlawn’s behalf. From this judgment, the Board appeals.
By its first assignment of error, the Board argues that the trial court erred in reversing its decision to revoke Restlawn’s certificate of authority. The Board suggests that the trial court’s judgment is inconsistent with its findings which mandate an affirmation of the Board’s decision. The Board argues that the facts of this case constitute an extreme example of violations of Title 8 and justify a revocation of *837 Restlawn’s certificate of authority. Specifically, the Board notes that Restlawn’s president signed affidavits stating that Restlawn did not sell merchandise on a pre-need basis. In doing so, Restlawn knowingly and willfully violated the provisions of the Louisiana Cemetery Law because the affidavits specifically stated, “We caution you regarding compliance with R.S. 8:501 as this portion of the Louisiana Cemetery Act will be strictly enforced.”
Although the Board’s decision to revoke Restlawn’s certificate of authority is supported by the evidence, the essence of this appeal is whether the trial court went beyond its scope of review when it reversed the Board’s decision. For the reasons discussed below we find that the trial court did not exceed its scope of review when it reversed the Board’s decision.
La.R.S. 49:964 G, of the Louisiana Administrative Procedure Act, allows a court to reverse or modify a decision of an agency if the findings, inferences, conclusions, or decisions of that agency result in prejudice of appellant’s substantial rights because they are (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of reliable, probative, and substantial evidence on the whole record. More specifically, La.R.S. 8:75 authorizes courts to issue orders, in addition to whatever the Board adjudicates, whenever the health, welfare, or safety of the public is threatened.
The trial court did not offer specific findings as to why the Board’s penalty was not in the public interest. However, it could be that the trial court took judicial notice of the fact that Restlawn is the only cemetery operating on the west bank of New Orleans and that its customers were at greater risk if Restlawn’s certificate were revoked than if it continued to operate. Restlawn has voluntarily undertaken a pay plan that has resulted in periodic payments over the last five and one-half years. We find that the trial court was within its authority in modifying the Board’s decision but should have determined a reasonable time in which Restlawn should be required to pay off its indebtedness.
By its second assignment of error, the Board argues that the trial court erred by substituting its own unauthorized decision to enjoin Restlawn from engaging in pre-need sales only. The Board argues that its decision should not be disturbed without first finding that it was “arbitrary or capricious or characterized by an abuse of discretion.” La.R.S. 49:964 G; Holiday Bossier Limited Partnership v. Louisiana Tax Commission, 574 So.2d 1280 (La.App. 2d Cir.1991) writ denied 578 So.2d 136 (La.1991). The Board also cites Gertler v. City of New Orleans, 346 So.2d 228 (La. App. 4th Cir.1977) writ denied 349 So.2d 885 (La.1977) in arguing that a court should not substitute its judgment for that of an administrative tribunal in the absence of a showing by the plaintiff that the administrative tribunal was arbitrary or capricious, or that it abused its discretion. The Board argues that the trial court failed to accord the Board’s decision proper deference. We disagree. In its review, the trial court must also consider the public impact of the Board’s decision. We find that the trial court had a legitimate basis for modifying the Board’s decision in this matter.
In the alternative, the Board argues that the trial court erred in failing to also (1) order that Restlawn restore the Merchandise Trust Fund and (2) provide for the monitoring of Restlawn’s activities in regard to pre-need sales. In light of the fact that Restlawn has previously provided false sworn statements that it was in compliance with the law, the Board argues the public is in jeopardy by a trial court judgment which affords Restlawn the opportunity to deplete the assets of the cemetery, its pre-need customer's only security, thereby leaving those customers whom the law sought to protect completely without recourse. Nor does the district court’s order require Restlawn to ever make restitution *838 to the trust fund. At a minimum, the Board argues that Restlawn should be required to make periodic reports and produce evidence of its compliance with the court order.
We agree that the court should have made restitution of the trust fund a part of its judgment. The record must be supplemented to establish Restlawn’s ability to pay. Therefore, we remand this matter to the trial court and order it to conduct a hearing pertaining to Restlawn’s ability to resolve its indebtedness.
For the foregoing reasons, we affirm the trial court’s judgment but remand this matter for a determination of a reasonable time frame over which Restlawn must pay the $625,956.11 deficit to the Merchandise Trust Fund.
AFFIRMED AND REMANDED.