614 So.2d 1341 (1993)
Daniel BROUSSARD, Vermilion Parish Assessor, Plaintiff-Appellee,
v.
LOUISIANA TAX COMMISSION, Defendant-Appellant,
Amerada Hess Corporation, et al. (Intervenors), Defendants-Appellants.
No. 92-296.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
Paul Gonsoulin Moresi, III, Abbeville, for Vermilion Parish Assessor, et al.
*1342 Vyrona Marie Wiltz, Krotz Springs, for Louisiana Tax Com'n, et al.
George Julien Domas, Carol Landis Dunne, New Orleans, for Amerada Hess.
Before GUIDRY, LABORDE and DECUIR, JJ.
GUIDRY, Judge.
This suit was consolidated on appeal with Broussard v. Louisiana Tax Commission 614 So.2d 1345 (La.App. 3rd Cir.1993), our docket number 92-693, also decided on this date. The issue presented in the companion matter will be disposed of in this opinion, however, we render a separate decree in the companion case.
This suit concerns a dispute over the property tax assessment value of certain oilfield equipment owned by Amerada Hess Corporation (AHC), Mobil Oil Exploration and Producing Southeast, Inc. and Mobil Exploration and Producing North America, Inc. (Mobil), intervenors-appellants. All of the property in question was, as of the tax reporting date, January 1, 1990, located in Vermilion Parish. Intervenors appeal from the district court's judgment reversing a Louisiana Tax Commission decision that the equipment be assessed as reported by the taxpayers in their amended reports. We reverse the judgment of the district court and reinstate the decision of the Louisiana Tax Commission.

FACTS
Intervenors are the owners of oilfield equipment used in the production of oil and gas in Vermilion Parish. The equipment is subject to ad valorem taxes assessed by the Vermilion Parish Assessor, Daniel Broussard. This dispute concerns the assessed value of the equipment and the taxpayers' resultant liability as of January 1, 1990. The taxpayers, on forms provided by the assessor, reported the value of their equipment as of January 1, 1990. The reports were filed with the assessor on March 1, 1990. The assessor added ten percent to the reported subsurface equipment value for leasehold field improvements which were allegedly omitted from the reports. He also added another ten percent to the reported surface equipment value for automatic control and communication equipment which the companies allegedly failed to list. The assessor did not specifically document the allegedly unreported equipment.
In response to Broussard's actions, AHC and Mobil filed protest notices requesting a review of the additional assessments by the Vermilion Parish Police Jury. The companies presented amended returns to the Police Jury, which were prepared after conducting field audits in response to the additional assessments. At a hearing on October 1, 1990, the Police Jury rejected intervenors' requests for removal of the additional assessments and certified the tax rolls as presented by the assessor. AHC and Mobil then appealed to the Louisiana Tax Commission, which held a hearing in this matter on November 29, 1990. At this hearing, the companies asserted that the leasehold field improvements added to the subsurface equipment value had in fact been properly included in their reports as intangible drilling costs. Additionally, intervenors argued that the automatic control and communication equipment added to the surface equipment value had in fact been properly included in their reports as component parts of larger reported items. The assessor, on the other hand, maintained that the companies' reports were incomplete and incorrect. He based the additions not on actual field audits but on his own personal research and consultation with persons who work in the oilfield industry.
The Tax Commission rendered a decision on February 19, 1991 which reversed the Police Jury decision and ordered that the equipment be assessed as reported by the companies in accordance with the rules promulgated by the Tax Commission. In doing so, the Commission reasoned as follows:
Concerning the surface equipment ... in a case in which the assessor believes that a report by a taxpayer is incomplete or incorrect, and the assessor adds an amount for property not reported, if the *1343 assessor is not denied access to the property or records of the taxpayer, it is the assessor's burden of proof to show which property has not been reported. The photographs used by the assessor to show the type of property which was likely omitted do not meet this burden. Likewise, an estimate of the percentage of value at a site usually represented by property such as leasehold improvements which the assessor has based on conversations with contractors who are not before the Commission under oath or available to be questioned by the taxpayer does not meet this burden.
Finally, if an assessor lists a separate property which was purchased as an integral part of another item, the value of the larger item must be reduced, as no property may be taxed twice in the same year.
With regard to the subsurface equipment, the assessor may not add an amount for the value of the Christmas tree or any other property which the Rules state is included in the calculation of the value of the subsurface equipment as a whole.
On March 15, 1991, Broussard appealed the Tax Commission's decision to the Fifteenth Judicial District Court. AHC and Mobil intervened in this proceeding. In written reasons rendered January 9, 1992, the district court reversed the Tax Commission's decision. The court determined that the Tax Commission abused its discretion by obligating the assessor to provide the taxpayer with "a precise list by item of the property which he believes was omitted from reports". The judge, in so ruling relied upon La.R.S. 47:1957(E), which provides, in pertinent part:
If the assessors find or have reason to believe that the list of taxable property furnished by any person is incomplete or incorrect, they shall add to the list of such property, which from the best information they can obtain, has been omitted or incorrectly described by the person signing the list.
The court reasoned that, in this statute:
The list referred to is the list of assessments to be delivered to the parish police jury, and then to the tax commission, but not to the taxpayer. Again, the tax commission errs in misplacing the primary responsibility for a complete and correct list of taxable property. That responsibility lies, by law, with the taxpayer, not with the assessor.
On January 22, 1992, the district court signed a judgment reversing the Tax Commission's decision and dismissing the taxpayers' protest and appeal.
AHC and Mobil were granted a suspensive appeal of the district court's judgment on February 4, 1992. The Tax Commission thereafter devolutively appealed. The assessor then filed a rule in the district court to assess court costs. On April 14, 1992, the district court assessed AHC and Mobil with all costs of the district court proceedings because it found the Tax Commission was statutorily exempt from the assessment of court costs. Additionally, the court ruled that the assessor, as prevailing party on the merits, should not be assessed court costs for reasons of equity. Judgment in accordance with these reasons was signed on April 22, 1992. AHC and Mobil appealed the separate judgment assessing court costs. This separate appeal bears our docket number 92-693.
Intervenors assign the following two errors to the judgment of the district court:
1. The district court erred in finding that the Louisiana Tax Commission committed an error of law by placing the burden on the assessor to show the correctness of his assessments.
2. The district court erred in finding that the Louisiana Tax Commission abused its discretion in requiring the assessor to supply the taxpayers with a list of property which the assessor believed had been unreported or incorrectly reported.
Additionally, AHC and Mobil, in the companion appeal, assert that, if they are successful on this appeal, we should vacate the district court's assessment of court costs against them.

*1344 OPINION
Proceedings before the Louisiana Tax Commission and review thereof in the state district courts are governed by the Administrative Procedure Act. La.R.S. 49:967(A). The standards for judicial review of Tax Commission decisions in district courts are found in La.R.S. 49:964(G), which provides:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
The manifest error test is used in reviewing facts as found by the agency, as opposed to the arbitrariness test used in reviewing conclusions and exercises of agency discretion. Holiday Bossier Limited Partnership v. Louisiana Tax Commission, 574 So.2d 1280 (La.App. 2d Cir.1991), writ denied, 578 So.2d 136 (La.1991); Johnson v. Odom, 536 So.2d 541 (La.App. 1st Cir.1988), writ denied, 537 So.2d 213 (La. 1989). Where an administrative agency or hearing body is the trier of fact, the courts will not review the evidence before such body except for the following limited purposes: (1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether or not the factual findings of the body were supported by substantial evidence; and, (3) whether or not the hearing body's conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body's discretion. Holiday Bossier Limited Partnership, supra; Hanson v. Louisiana State Racing Commission, 436 So.2d 1308 (La.App. 4th Cir.1983), writ denied, 443 So.2d 592 (La. 1983), and cases cited therein. In sum, the hearing body's factual findings and conclusions are to be granted great deference on appeal to the district court.
After reviewing the record of the hearing before the Tax Commission, we conclude that the district court erred by not abiding by the appropriate standard of review in reversing the Tax Commission's decision. The Tax Commission's factual findings, that the leasehold field improvements and the automatic control and communication equipment were correctly reported by the taxpayers, were not manifestly erroneous. Additionally, the Tax Commission's conclusion, that the property was to be assessed at the values provided on the taxpayers' amended reports, was not arbitrary, capricious or an abuse of discretion.
D.W. Green testified on behalf of AHC. He stated that the value of roadbeds, fences, cattleguards, water platforms, and protection levees added by the assessor as "field improvements" had been accounted for as intangible drilling costs in accordance with Tax Commission Rules. Similarly, he testified that the automatic control and communication equipment was properly listed by AHC as part of the larger equipment with which it was purchased and to which it was attached. When informed of the additional assessments, AHC did audits on all their affected fields and filed amended reports with some additions and some deletions. Green further stated that, after the assessor tacked on the additional values to AHC's return, he inquired on several occasions as to the assessor's basis for the increased assessment. At first, Broussard did not respond, then he refused *1345 to provide AHC with a list of the property and equipment added. Green also stated that, at all times, AHC was willing to allow the assessor to inspect the leased property upon request.
George Johnson and Judy Brown testified on behalf of Mobil and generally echoed the statements of Green. Johnson added that, as pertains to the automatic control and communication equipment, the assessor was trying to separately assess items which are part of a package. He argued that, because the items are purchased together and are placed at the wellsite together, the items should logically be valued together for assessment purposes. In support of their position, both companies presented their assessment reports and asset valuation schedules to the Tax Commission.
Broussard, in defending his assessment methods, stated that oil companies have traditionally failed to render leasehold field improvements in derogation of reporting rules. To compensate for this alleged omission, he decided to add ten percent to the subsurface equipment value to represent the value of leasehold field improvements. He arrived at this figure by consulting with various oilfield contractors, who told him that using the ten percent figure was fair. Broussard began this practice in 1987, three years prior to this protest. On the issue of the ten percent addition for allegedly unreported automatic control and communication equipment, Broussard stated that this figure was arrived at through consultation with a safety engineer. According to Broussard, the engineer was unwilling to testify before the Tax Commission because his "bread and butter comes from oil companies". Finally, he stated that, if he had not made the extra assessments, the companies would not have added 69 pieces of equipment to their lists in the amended reports. In support of his position, the assessor presented photographs which he contended showed omitted equipment subject to ad valorem tax.
Based on the entire record, we conclude that the district court erred in concluding that the Tax Commission abused its discretion by placing the burden of proof upon the assessor to show the correctness of the assessment. To the contrary, the Tax Commission properly placed the burden on the assessor to prove the correctness of his determination that the taxpayers' reports were incomplete or incorrect due to omissions. This was neither arbitrary nor an abuse of discretion and, in reaching the opposite conclusion, the district court failed to apply the requisite standard of review. We therefore reverse the judgment of the district court.
On the issue of the assessment of costs at the district court level, we also find that the intervenors' position has merit. Under the authority of La.C.C.P. art. 2164, because AHC and Mobil prevailed on the merits of this appeal, we reverse and set aside the district court's judgment assigning all costs at the district court level to AHC and Mobil.

DECREE
For these reasons, the judgment of the district court is reversed and set aside and the decision of the Louisiana Tax Commission is reinstated.
REVERSED AND RENDERED.