GRISBAUM, Judge.
This is an appeal by a plaintiff-appellant who sought a rehearing of the Jefferson Parish Personnel Board’s order dismissing his appeal, which was denied. We affirm.
The basic record facts and procedural history are well-known to all parties, and, accordingly, they will not be repeated.

ISSUES

We are called upon to determine
(1)Whether the Jefferson Parish Personnel Board (the Board) can dismiss an appeal upon the oral joint motion of both parties made during a hearing despite Rule 20 of the Board’s Rules of Appeals Procedure (Rule 20), and
(2)Whether a hearing before the Board can be considered “open court” so that any compromise entered into during the hearing is binding on the parties pursuant to La.C.C. art. 3071.

STANDARD OF REVIEW

Since this appeal concerns discretionary decisions made by the Board as opposed to factual findings, our standard of review is whether such decisions were arbitrary and capricious. Holiday Bossier Ltd. Partnership v. Louisiana Tax Comm’n, 574 So.2d 1280 (LaA.pp.2d Cir.1991), writ denied, 578 So.2d 136 (La.1991).
ANALYSIS — ISSUE ONE
Initially, we are called upon to determine whether the Board can dismiss an appeal upon the oral joint motion of both parties made during a hearing despite Rule 20.
Rule 20 states: “The appellant may withdraw or abandon his appeal by filing written notice to that effect. The effect of this notice shall be to authorize the final disposition of the appeal by the Board. In such event the Director shall promptly notify all interested parties of such dismissal.” Appellant argues that the rule mandates a written notice of withdrawal or abandonment. However, the rule uses the discretionary language “may.” Therefore, a written notice is not mandated.
In addition, Rule 20 simply provides a procedural device for an appellant to unilaterally withdraw or abandon his appeal. In this case we have a joint motion to dismiss. Because of the discretionary and unilateral language of Rule 20, we find that the Board’s dismissal of the appeal pursuant to the oral joint motion to dismiss was not an arbitrary and capricious decision.
ANALYSIS — ISSUE TWO
We must now -determine whether a hearing before the Board can be considered “open court” so that any compromise entered into during the hearing is binding on the parties pursuant to La.C.C. art. 3071.
*743 The purpose of administrative remedies is to enable parties to resolve their disputes in a less cumbersome and less expensive manner than they would encounter at a trial in court. Buras v. Bd. of Trustees of Police Pension, 367 So.2d 849 (La.1979). When an administrative remedy is provided pursuant to the Administrative Procedure Act, the administrative agency is the trier of fact. The agency has the ability to weigh and evaluate the evidence. Furthermore, its decisions are subject to the same standard of judicial review as if the case had been presented before a district court. Jones v. Dep’t of Pub. Works, 573 So.2d 567 (La.App. 5th Cir.1991), writ denied, 577 So.2d 12 (La.1991); City of Westwego v. McKee, 448 So.2d 166 (LaApp. 5th Cir.1984); City of Kenner v. Wool, 433 So.2d 785 (LaApp. 5th Cir.1983).
Appellant asserts that a hearing before the Board is not “open court” and, therefore, the compromise entered into by the parties during the hearing is not binding. Our jurisprudence indicates that “open court” is more than a mere contrast to a hearing in chambers. Flynn v. Dep’t of Pub. Safety & Corrections, 608 So.2d 994 (La.1992). It is a place where an aggrieved party has the opportunity to present evidence as to his claim. Black’s Law Dictionary 318 (5th ed. 1979), in part, defines “court” as:
An organized body with defined powers, meeting at certain times and places for the hearing and decision of causes and other matters brought before it, and aided in this, its proper business, by its proper officers, viz., attorneys and counsel to present and manage the business, clerks to record and attest its acts and decisions, and ministerial officers to execute its commands, and secure due order in its proceedings.
While administrative agencies were never intended to be an exact replica of a court, they do function like a court.
The Board’s Rules of Appeals Procedure show that the Board employs rules of procedure and evidence similar to a district court. A hearing permits the aggrieved parties and/or their attorneys the opportunity to present evidence and to cross-examine adverse witnesses. The hearing takes place before a hearing officer who acts as a ministerial officer. The hearing is recorded and a transcript is available. In addition, there is the right of appeal to the court of appeal.
“Open court” is defined as “a court which is freely open to spectators.” Black’s Law Dictionary 983 (5th ed. 1979). Rules 7 and 13 of the Board’s Appeals Procedure state that the hearings are to be held in places accessible to the public and are to be open to the public.
La.C.C. art. 3071 states:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the maimer which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
(Emphasis as found in the original.)
Because we find that a hearing before the Board is “open court,” the compromise agreed to by appellant during the Board’s hearing is binding pursuant to La.C.C. art. 3071.
For the reasons assigned, the Board’s denial of the rehearing is hereby affirmed. All costs of this appeal are to be assessed against the appellant.

AFFIRMED.