163 So.2d 564 (1964)
Louis SUCKLE, Individually and as Administrator of the Estate of His Minor Child, Gerald Z. Suckle, Plaintiff-Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY et al., Defendants-Appellees.
No. 10156.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1964.
Rehearing Denied April 30, 1964.
Writ Refused June 26, 1964.
*565 Nelson & Gray, Shreveport, for appellant.
Mayer & Smith, Shreveport, for Hartford Accident & Indem. Co., defendant-appellee.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for Travelers Ins. Co., defendant-appellee.
Stagg, Cady, Johnson & Haygood, Shreveport, for Ben G. O'Neal and Hot Mix Corp., defendant-appellee.
Gallagher, Alexander & Gallagher, Shreveport, for Curtis Williams and Sam James, defendants-appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Louis Suckle, individually and as administrator of the estate of his minor son, instituted suit against defendants for personal injuries and related damages. From judgments sustaining appellees' exceptions of no right of action and motion for summary judgment, plaintiff appeals.
Gerald Z. Suckle, a newsboy, was injured when he was struck by a dump truck owned by Curtis Williams and operated by Sam James. Suit was instituted against Williams, James, Ben G. O'Neal, Hot Mix Corporation and the liability insurers of *566 the latter two defendants. Defendants, O'Neal, Hot Mix and the latter's insurer filed exceptions of no cause and no right of action alleging Williams was an independent contractor. Hartford Accident and Indemnity Company, the liability insurer of O'Neal, filed a motion for summary judgment. In support of this motion the insurance company introduced the policy and other pertinent evidence to show the dump truck in question was not listed in its policy and that since such policy failed to contain the usual "non-ownership" or "hired car" clauses, the company had no liability. On these grounds the motion was sustained.
Testimony was taken on the exception of no right of action. After considering the evidence and the pleadings, the lower court sustained the exceptions of no right of action filed by Ben G. O'Neal, Hot Mix Corporation and its insurer, Travelers Insurance Company. From such rulings plaintiff has appealed.
The serious question is the legal relationship existing among Curtis Williams, Hot Mix Corporation and Ben G. O'Neal. Hot Mix Corporation was almost wholly owned and solely managed by Ben G. O'Neal, who in addition was engaged in road contracting. The two companies had their physical plant and offices in the same location and on many occasions used the same equipment and personnel. Their principal business was the manufacturing of what is commonly referred to as "hot mix" and the use of such material in the construction of such things as roads, driveways and parking lots. Because it will make no difference in our final conclusion, we shall hereafter refer to both companies interchangeably.
For some time preceding the accident Williams had been employed by O'Neal and Hot Mix. At the time young Suckle was injured Williams acted as foreman for the companies on some of their jobs. In addition to his regular employment he personally owned a dump truck, which he rented to others, usually on an hourly basis. The evidence shows this truck, with driver furnished by Williams was rented more often to Hot Mix and O'Neal than to other companies, but that the named companies were by no means his only customers. The evidence further shows that insofar as his driver Sam James was concerned Curtis Williams exercised exclusive control.
On the day of the accident Williams had contracted with O'Neal to haul some hot mix in his dump truck to a job which the company had in Shreveport. This contract was verbal and Williams was to be paid for his truck and driver on an hourly basis. After the mix was delivered to the job, Williams was verbally instructed to have his truck go to another job location in Shreveport and move a large portable roller to the Highland House of Beauty where it was to be used the following day. Williams, therefore, instructed his driver to attach the roller to the rear of the truck and move it to its destination. After moving the roller to the Highland House of Beauty, and while returning the Williams dump truck to its usual place for the night, the accident with young Suckle occurred.
The crucial question presented under the facts as related is whether or not at the time of the accident Williams, through his agent Sam James, was operating the truck as an independent contractor, or whether he was an employee of either Ben G. O'Neal or Hot Mix Corporation.
Appellant strenuously contends in brief and oral argument that both Williams and his driver James were under the control of O'Neal or Hot Mix. Appellees, on the other hand, contend no such control was shown.
The necessity of determining whether a defendant is an independent contractor or employee has plagued our courts for many years. We think an analysis of the recent jurisprudence on this subject justifies a conclusion that our courts are now more inclined to classify a party as an employee than as an independent contractor *567 unless certain specified requirements are met. In this connection, we note the following language from the case of Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955):
"It is well settled by our jurisprudence that besides other factors, the most important test in determining `whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer.' It is also well settled that whether the employer `actually exercises control or supervision' over the movements and the services rendered by the employee, such a fact is of no great moment, the `important question is whether, from the nature of the relationship, he had the right to do so.'" (Emphasis theirs.)
In Malloy v. Buckner-Harmon Contractors (La.App. 2 Cir., 1958) 100 So.2d 242, after quoting at length from the Amyx case with approval, this court said:
"As we appreciate the above requirements the court said, in effect, that in order to fix the status between the parties as principal and contractor there must be an actual contract for a specific (a) undertaking, or (b) amount of work, or (c) services rendered, and, further, that such contract must embody a definite period of time within which the undertaking is to be performed." (Emphasis theirs.)
An additional recent case involving the same question is Landry v. American Surety Company of New York (La.App. 1 Cir., 1963) 149 So.2d 738.
Relying principally upon the three cases cited, supra, appellant contends Williams has complied with none of the elements outlined therein. He contends Curtis Williams was not an independent contractor, but was clearly an employee of Hot Mix or O'Neal, not only when he was acting in the capacity of foreman, but also when he was allegedly subcontracting the use of his dump truck for the hauling of hot mix.
As we appreciate the case it narrows itself to purely a question of fact and that is: just what amount of control did Hot Mix or O'Neal exercise over James or Williams at the particular time of this accident? While no written reasons were assigned by the trial judge, he apparently concluded as a fact that the necessary control had not been shown in order to classify Williams as an employee in relation to the use of the truck.
After a painstaking review of the evidence, we can find no error in this factual conclusion. To the contrary, we are convinced that considering the evidence in the light most favorable to appellant, Williams was in truth and fact an independent contractor in the operation of his dump truck. The testimony is clear that he, in each instance, had a definite verbal contract with his principal for the use of the truck and upon what basis he was to be paid; and that in each instance there was no control exercised by the principal as to how he was to operate his truck. There is no evidence that anyone other than Williams exercised any control whatever over the driver of the truck. There is further no evidence that anyone except Williams paid the driver. In fact we are satisfied that the case presents a classic example of an independent contractor. The only evidence that in any way casts any suspicion on the arrangement was that Williams was also employed at the time as foreman for either Hot Mix or Ben G. O'Neal. This fact alone is not enough to classify him as an employee provided this relationship did not cause him to relinquish any control over the operation of the dump truck while it was rented or leased to others.
Plaintiff alternatively seeks to establish liability on the theory that Sam James was a borrowed employee of O'Neal or Hot Mix. There was no evidence adduced to support this contention and plaintiff in his brief did not seriously pursue same. We shall not belabor the point further except *568 to say such a contention is not supported by the record.
The only remaining theory for holding O'Neal and Hot Mix responsible for the acts of Sam James is that of a joint venture existing between Williams, O'Neal and/or Hot Mix. This theory does not seem to be seriously stressed by plaintiff. Having found that Curtis Williams, in the operation of the truck at the time of the accident, was an independent contractor, it is rather difficult for us to conceive how we could at the same time find him to be involved in a joint venture with O'Neal or Hot Mix. A joint venture is one in which two or more persons combine their property or labor in the conduct of a particular line of trade or general business for joint profits, creating a status of partnership although facts do not show a formal partnership. Ault & Wiborg Co., of Canada v. Carson Carbon Co., 181 La. 681, 160 So. 298 (1935); McCann v. Todd, 203 La. 631, 14 So.2d 469 (1943); Young v. Reed (La.App. 2 Cir., 1939) 192 So. 780 (cert. denied.) Facts sufficient to show a joint venture in the instant case were not established and plaintiff's theory must therefore fall.
For the reasons shown the judgment sustaining the exception of no right of action in favor of Hot Mix Corporation and Ben G. O'Neal is sustained. Since Travelers Insurance Company was the liability insurer of Hot Mix it necessarily follows the judgment sustaining the exception filed by this company is also correct. The summary judgment in favor of Hartford Accident & Indemnity Company was sustained on the basis that the policy in question did not contain the "non-ownership" or "hired car" clause and that the Williams vehicle was not listed in the policy. This judgment appears clearly correct as there is no evidence or even any serious argument to the contrary.
For the reasons shown the judgments appealed from are affirmed at appellant's cost.
Affirmed.