BOLIN, Judge.
Plaintiff sued defendant for $1,173.11 for overtime compensation under the fed *369 eral wage and hour law of 1938 as amended [29 U.S.C. §§ 201-219]. He also asked for an equal amount as liquidated damages plus attorney’s fees and costs. From judgment rejecting his demands Yates appeals. In this court defendant files a plea of prescription of two years, under Section 255 of the cited statute, to that portion of the claim which arose prior to December 14, 1962.
Yates alleges he was employed by defendant television corporation as a news photographer from November 1, 1962 to June 15, 1963; that his rate of pay was $80 per week; that during the entire period of employment he regularly worked more than forty hours per week which entitled him to one and one-half times the rate of his regular hourly rate of pay for all hours in excess of forty hours per week.
Defendant asserts plaintiff was employed as an independent contractor rather than an employee; that even if he should be classified as an employee, he did not show he worked in excess of forty hours per week; and that in no event is he entitled to penalties or attorney’s fees.
We find Yates was employed by the news director of defendant corporation under a verbal contract at a salary of $80 per week. Plaintiff testified that for at least the first week his working hours were fixed from 6 a. m. to 2 p. m. for a five-day week. His principal duty was to secure photographs of important incidents in the Shreveport vicinity, particularly automobile wrecks and acts of violence. Defendant furnished plaintiff with the necessary photographic equipment including camera, film and a place and materials for the development of the films. His employer also provided him an automobile equipped with radio by means of which he was able to monitor police broadcasts. Plaintiff testified that approximately a week after commencement of his employment his regular hours were increased and that it was also necessary for him to remain near his radio a great deal of the time in order to cover any important incident noted on the police radio. He further contended he worked 18 hours each Sunday during his employment.
Defendant’s witnesses generally denied plaintiff was required to work any definite number of hours and claimed the work he performed was under his own supervision; that he could retain all of the film after it had once been used and was free to sell it to whomever he pleased; that during the hours he was not working for defendant he could do photographic work for third parties.
The trial judge found plaintiff an employee and not an independent contractor. The difference between a master and servant relationship and that of an independent contractor has been set forth and discussed thoroughly in two rather recent decisions: Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955); Suckle v. Hartford Accident and Indemnity Company (La.App. 2 Cir., 1964) 163 So.2d 564 (cert. denied). The ultimate determination depends upon the facts of each particular case. From our review of the testimony in the instant case we find the trial judge has not committed reversible error in concluding plaintiff occupied the position of an employee rather than an independent contractor.
The next question is whether there was sufficient evidence adduced to show plaintiff had worked in excess of forty hours per week. We note plaintiff testified he was required to attend to his employer’s business in excess of forty hours each week except for the first week employed. However, as noted by the trial judge, this testimony was not corroborated to any degree of certainty. Plaintiff was testifying from memory alone. Suit was filed approximately 18 months after his services were terminated, and the case was not tried until more than a year after it was filed. Defendant offered testimony to show its photographers arranged among themselves the hours they would' work; that any *370 arrangements made by them were for the convenience of the individual photographer and that plaintiff worked no regular hours.
Appellant concedes plaintiff ordinarily has the burden of proving his case but contends a different rule prevails in suits for overtime compensation under the federal wage and hour law and relies principally upon Anderson v. Mt. Clemen’s Pottery Company, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, 1946. The following quotation from the court’s opinion in the cited case fully sets forth the requirements as to the burden of proof.
“But we believe that the Circuit Court of Appeals, as well as the master, imposed upon the employees an improper standard of proof, a standard that has the practical effect of impairing many of the benefits of the Fair Labor Standards Act. An employee who brings suit under § 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under § 11(c) of the Act [29 U.S.C.A. § 211(c), 9 F.C.A. title 29, § 211(c)] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.
“When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer’s records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer’s failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee’s labors without paying due compensation as contemplated by the Fair Labor Standards Act. In stick a situation zve hold that an employee has carried out his burden if he proves that he has in fact performed work for which he zvas improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee’s evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.” (Emphasis supplied.)
Defendant concedes it did not keep records of the hours worked by plaintiff. The trial judge based his judgment on the jurisprudence established by the cited case when he found:
* * * * * *
“We are- not unmindful of cases holding that where an employer fails to keep accurate records of the hours worked by an employee, the burden shifts to the employer to come forward with evidence showing the precise amount of work performed by the employee, or *371 with evidente to negative the reasonableness of the inference to be drawn from the employee’s evidence. But this is only where the employee has performed work for which he was improperly compensated, and has produced sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference. In this particular case, there has been no evidence from which even an inference could be drawn of the actual number of hours worked by plaintiff Yates.”
* * * * * *
The trial judge arrived at the above factual conclusion after a careful review of all- the testimony and we find no error in his findings.
Having concluded the lower court correctly rejected plaintiff’s demands, it is unnecessary to pass on the plea of prescription.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.