589 So.2d 78 (1991)
COURTNEY AND COURTNEY, INC., Plaintiff-Appellee,
v.
Frank SCOTT, Director, Office of Employment Security, Louisiana Department of Labor, Defendant-Appellant.
No. 22997-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
Denise A. Nagel, Baton Rouge, for defendant-appellant.
Cook, Yancey, King & Galloway by Timothy B. Burnham, Shreveport, for plaintiff-appellee.
Before MARVIN, C.J., and LINDSAY and HIGHTOWER, JJ.
MARVIN, Chief Judge.
In this action for unemployment insurance taxes, defendant, hereafter called the State, appeals a judgment of the district court which reversed an administrative determination that Robert C. Hayes, Jr. was an "employee" of Courtney and Courtney, Inc., rather than an "independent contractor."
*79 In reversing the administrative judgment, the district court found that the administrative determination was not supported by sufficient evidence.
We affirm the district court judgment on the State's appeal.

FACTS
Courtney and Courtney, Inc. and Robert C. Hayes, Jr. signed a written agreement whereby Hayes was to perform real estate appraisals for a commission or percentage of the appraisal fee.
After an administrative hearing, the State determined that Hayes was an "employee" of Courtney and Courtney, Inc. and not an "independent contractor," and that his earnings were subject to unemployment insurance taxes.
At the hearing, Thomas Courtney, Jr., vice-president, and Gerald W. Hedgcock, Jr., CPA, of Courtney and Courtney, Inc., testified. Frank Churchill, an unemployment insurance compliance auditor, testified on behalf of the State.
At the time of the hearing, Hayes was the only "outside" appraiser for Courtney and Courtney, Inc. which was engaged in the real estate appraisal business. Hayes was paid a monthly percentage of the appraisal fees arising out of his work. Unlike other Courtney and Courtney employee-appraisers, Hayes has his office in his home. Courtney and Courtney, Inc. did not provide Hayes with materials or supplies. Hayes paid out of his monthly commission or percentage earnings his own expenses. Hayes reported to Courtney and Courtney, Inc., which then billed its clients.
Hayes, a trainee-appraiser, works at his own discretion on specific contract work for Courtney and Courtney, Inc. as well as for other appraisal businesses or appraisers. New appraisers like Hayes, as a common practice, solicit and accept work from the more experienced and established appraisers. Hayes aspired to gain experience and eventually contract some work to newer and less experienced appraisers.
In an audit of Courtney and Courtney, Inc. the State learned that Hayes was Thomas Courtney's son-in-law. During one conversation with the auditor, Courtney stated that Hayes does not "do" appraisals, but merely measures the properties to be appraised. Courtney accompanies Hayes to the property where Hayes does his part while Courtney makes other inspections and later makes the ultimate appraisal.
On October 3, 1988, a State administrative determination affirmed the initial agency decision. On October 18, 1988, Courtney and Courtney, Inc. filed its petition for judicial review.

CLASSIFICATION OF WORKER
LRS 23:1472(12) provides the definition of "employment" for purposes of unemployment compensation. LRS 23:1472(12)(E) states,
Services performed by an individual for wages or under any contract of hire, written or oral, express or implied, shall be deemed to be employment subject to this Chapter unless and until it is shown to the satisfaction of the administrator that:
I. such individual has been and will continue to be free from any control or direction over the performance of such services both under his contract and in fact; and
II. such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
III. such individual is customarily engaged in an independently established trade, occupation, profession or business.
The ultimate determination of whether a person is an employee or an independent contractor depends upon the facts of each particular case. Yates v. KTBS, Incorporated, 197 So.2d 368 (La.App. 2d Cir.1967).
A person aggrieved by a final decision in an adjudication proceeding may seek judicial review under the Administrative Procedure Act. LRS 49:964. Where *80 an administrative agency or hearing body is the trier-of-fact, the courts will not review the evidence before such body except for the following limited purposes: 1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; 2) to determine whether or not the fact findings of the body were supported by substantial evidence; and 3) whether or not the hearing body's conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body's discretion. Holiday Bossier Ltd. v. Tax Com'n., 574 So.2d 1280 (La. App. 2d Cir. 1991); Hanson v. Louisiana State Racing Com'n., 436 So.2d 1308 (La. App. 4th Cir.1983), writ denied.
LRS 49:964 G provides the scope of judicial review under the Administrative Procedure Act:
The court may affirm the decision of the agency or remand the case for further proceeding. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
. . . . .
(5) Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
The manifest error test is used to review administrative factual determinations. See Save Ourselves v. La. Environ. Cont. Com'n., 452 So.2d 1152 (La.1984); Holiday Bossier Ltd., supra.
The scope of judicial review of an administrative tax decision is statutorily provided in LRS 23:1541(4):
[T]he findings of the administrator as to facts shall be presumed to be prima facie correct if supported by substantial and competent evidence.
Accordingly, we look to the record to determine whether the district court applied the proper standard of review to the decision of the Office of Employment Security. The administrative decision which found that Hayes was an employee of Courtney and Courtney, Inc. stated:
It is clear that the services of Mr. Robert C. Hayes, Jr., are not totally free from control of the employer since he usually visits properties to be appraised with the Vice-President of the company and since he has to provide reports to the employer for billing purposes. The work which he does is not outside the usual course of the business for which the service is performed although it is sometimes performed outside of the employer's place of business. It has not been proved that Mr. Hayes is customarily engaged in an independently established trade, occupation, profession or business. It is concluded that he is an employee of Courtney and Courtney, Inc.
The district court, on the other hand, concluded that the record established that Hayes was free from control and direction over the performance of his services because there was no evidence that Courtney controlled Hayes' working hours, or the manner or the result of Hayes' work. The testimony at the hearing was that Hayes did not have regular office hours with Courtney and Courtney, Inc., but worked at his own discretion.
Thomas Courtney's accompanying Hayes to the jobsite does not indicate that Courtney exercised control or direction over Hayes, but only that this was necessary to complete the appraisal because Courtney only contracts with Hayes to do certain portions of the appraisals while Thomas Courtney makes the appraisal. The record shows that most independent appraisers are required to provide reports of their work and their fees. The record does not contain any evidence that suggests Hayes made appraisal reports or otherwise worked under Thomas Courtney's control or direction.
*81 The district court also found that the record indicated that Hayes' "appraisals" were made of properties away from Courtney's business, and that Hayes' office was located in his home.
The district court finally found that testimony indicated that Hayes is customarily engaged in an independently established business. The testimony shows that Hayes did not obtain his training from Courtney, but from courses on appraisals. Hayes' office was in Hayes' own home. He was responsible for furnishing his supplies, including equipment and software not in Courtney's offices, and Hayes did appraisal work for several other appraisers.
The testimony at the hearing also indicated that it is not customary to treat an appraiser as an employee, but that it is a common practice for new appraisers to contract work from one or more established appraisers. The record does not allow the conclusion that Hayes was an "employee" during the time in question.

CONCLUSION
The agency's determination that Hayes was an "employee" of Courtney and Courtney, Inc. and not an "independent contractor" is not supported by substantial and competent evidence.
At the State's cost, the district court judgment is AFFIRMED.