11 SEXTON, Judge.
This is an appeal by the Office of Employment Security (hereinafter “OES” or “state”) of the Department of Labor, State of Louisiana, from a judgment of the district court overturning the decision of an administrative law judge finding that the appellee, Fuller Butane Company, Inc., owed unemployment taxes on wages paid to Mr. Charles Fuller, president and 25 percent owner of the corporation. The sole issue is whether the “consulting” services performed for the corporation by Mr. Fuller in exchange for $10,-800 for the audit years of 1990, 1991, and 1992 constitutes employment under Louisiana Employment Security Law for purposes of unemployment security taxes. We reverse and reinstate the ruling of the administrative law judge.
The OES determined that $10,800 received annually by Charles M. Fuller, president of Fuller Butane, Inc., are wages under Louisiana Employment Security Law for unemployment insurance tax purposes. Mr. Fuller contested the assessment and requested an administrative hearing. A hearing was conducted on January 28, 1993, before Mr. Rico A. Masaraechia, an Administrative Law Judge (“ALJ”), resulting in the following findings:
Fuller Butane Company, Inc. Is a Sub-Chapter “S” Corporation in the retail propane gas business, providing propane gas to businesses and private homes in a 5-parish area.
The extended audit for 1990,1991 and 1992 inclusive revealed that the president of the corporation, Mr. Charles M. Fuller, maintained an office on the premises of the corporation. He does consulting work for the corporation for which he receives a remuneration of $10,800 a year on a pro rata basis of $50 an hour.
Further, the corporation furnishes him an American Express Card for any and all *703 expenses incurred in doing consulting work for the firm.
He also comes under the group insurance of the corporation for the purpose of hospitalization and other fringe benefits. He has represented the corporation in court as well as answered interrogatories as a corporate officer. He pays no rent to the Fuller Corporation because the building is owned by the family.
|20n Mr. Fuller’s Schedule C for 1990 he reported $37,800 which included $10,800 from Fuller Butane and $27,000 earned as a contract lobbyist for Martin Gas.
In 1988, total self-employment was $26,-300 — $10,800 from Fuller Butane, $15,000 for contract lobbyist for Louisiana LP Gas Association and $500 for contract lobbyist for Martin Gas Sales.
A WR01 shows $1500 a quarter paid to Charles Fuller by Louisiana LP Gas Association, Inc. Mr. Fuller says he has received this salary since January, 1991, and he is employed as an executive director for Louisiana LP Gas Association. Lobbying is included in his duties.
The president’s [sic] testified that since he does not sell butane gas or drive a truck he is not required to take a drug test, which this fact excepts him from there being an employer-employee relationship.
He also stated that he did not hire or fire personnel, but this was left up to his daughter who works in the capacity of office manager.
The ALJ upheld the OES determination that Mr. Fuller’s consulting fee constituted wages based upon the above factual findings and applicable law, rendering the following opinion, restated here, in pertinent part:
LSA-R.S. 23:1472(12)(E) provides that services performed by an individual for wages or under a contract of hire, written or oral, expressed or implied, shall be deemed to be employment subject to this Chapter, unless and until it is shown to the satisfaction of the Administrator that;
I.Such individual has been and will continue to be free from any control or direction over the performance of
such services both under his contract and in fact; and
II. Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
III. Such individual is customarily engaged in an independently established trade, occupation, profession or business;
[[Image here]]
LSA-R.S. 23:1472(20)(A) ‘Wages” means all remuneration for services including vacation pay, holiday pay, dismissal pay, commissions, bonuses and the cash value of all remuneration in any medium other than cash.
|3The reasonable cash value of remuneration in any medium other than cash shall be estimated and determined in accordance with the rules prescribed by the administrator.
As a corporate officer performing services and receiving remuneration for these services he is considered to be an employee under the Employment Security Law; therefore, the above law, 23:1472(12)(E)(I)(II), and (III) is not applicable in this case.
In accordance with the revised ruling of IRS 73-361, 1973-2 C.B. 331, a stockhold-ing officer of an electing small business corporation should be treated as an employee for purposes for FUTA (Chapter 21, Sub-Title C, IRS for 1954).
The corporation is a small business corporation (Sub-Chapter “S” Corporation) as defined in Section 1371 of the Code and has elected pursuant to Section 1372(a), not to be subject to the corporation income tax, but to have all its income taxed directly to its shareholders.
Under this particular Revenue ruling, corporate officers who provide consulting services to the corporation are employees of the corporation for purposes of FUTA. Therefore, since the remuneration received by the officer is responsible to FUTA, it automatically becomes responsible to the *704 Louisiana Unemployment Insurance Tax Law.
It must be held that Mr. Charles Fuller’s receipt of remuneration from the corporation labeled as consulting fees for services performed in accordance with the Louisiana Employment Laws, as well as federal tax regulations, in this manner is deemed wages.
It is significant to point out that the contract was not entered into.the record and much of the testimony leaned heavily toward hearsay.
The ALJ judgment upheld the OES determination that the remuneration received by Mr. Fuller must be considered wages for Employment Security taxes and affirmed the OES order that all unemployment insurance taxes, debt services, penalties and interest for the audit years 1990, 1991 and 1992 were due and payable. Fuller Butane, Inc. petitioned to the district court for review of the ALJ ruling.
The district court reversed, holding that the evidence is not sufficient to support the board’s findings and that the monies received by Mr. Fuller were not wages attributable to his status as president of Fuller Butane, Inc. In a short opinion, the court found that the ALJ erred in finding that Mr. Fuller maintained [4an office at the premises of Fuller Butane, Inc. It found that the office building is owned by the Fuller family, not Fuller Butane, Inc., although both Fuller Butane Inc.’s office and Mr. Fuller’s office are in the same building. The court further found that Mr. Fuller’s office supplies, desk, computer, and telephone were owned by him individually in his capacity as a financial and management consultant. It noted that Mr. Fuller was not bound by the same rules as all employees of Fuller Butane, Inc. and that Mr. Fuller pays self-employment taxes on the flat rate contract amount he receives from Fuller Butane, Inc. Likewise, Fuller Butane, Inc. deducts these amounts as contractual services on its tax returns. The OES subsequently appealed to this court.
Our judicial review of the decisions of an administrative law judge, like that of the district court, is confined to questions of law. Factual findings of the ALJ, if supported by sufficient evidence and in the absence of fraud, are conclusive. LSA-R.S. 23:1634B; LSA-R.S. 23:1541(4); Sledge v. Whitfield, 531 So.2d 291 (La.App. 2d Cir.1988); Dubois v. Louisiana Department of Labor, Office of Employment Security, 427 So.2d 645 (La.App. 5th Cir.1983).
Ordinarily, the question of whether a person claiming to be an independent contractor is really an employee is determined by the right to control test. See, e.g., Courtney and Courtney, Inc. v. Scott, 589 So.2d 78 (La.App. 2d Cir.1991). Indeed, part I of LSA 23:1472(12)(E), which provides the definition of employment for purposes of unemployment compensation, states that services performed by an individual for wages under a contract of hire shall be deemed “employment” unless it is shown that “[s]ueh individual has been and will continue to be free from any control or direction over the performance of such services both under his contract and in fact.”
IgThe ultimate determination of whether a person is an employee or an independent contractor, however, depends upon the facts of each particular case. Courtney and Courtney, Inc. v. Scott, supra; Yates v. KTBS, Inc., 197 So.2d 368 (La.App. 2d Cir.1967).
Contractual fictions, like the corporate form, where the corporate officer is claiming status as an independent contractor for services rendered to the corporation, tend to thwart the usefulness of the right of control test. Thus, in determining the existence of employer-employee relationships for social security tax purposes, these fictions may be penetrated by judicial inquiry to ascertain the reality of the situation. Royal Theatre Corporation, Inc. v. United States, 66 F.Supp. 301 (D.Kan.1946). We distinguish Courtney and Courtney, Inc., supra, relied upon by appellee, for this very reason. The “independent contractor” in that case had no financial interest in the corporation and was not an officer of the corporation.
In this instance, Mr. Fuller owns 25 percent of Fuller Butane, Inc. and is president of the corporation. His mother and brother *705 own the remaining 75 percent of the stock, 50 percent and 25 percent, respectively. As president, Mr. Fuller claims that he performs only minor work amounting to, perhaps, 15 or 20 hours per year, and he holds the office merely to meet statutory requirements. He has appeared in court and answered interrogatories in his capacity as president of the corporation. The corporation also provides Mr. Fuller with group health and life insurance.
Along with his mother and brother, he has an American Express Card in the name of Fuller Butane, Inc. which he testified that he used solely for expenses incurred in performing services for the corporation both as president of the corporation and as an independent contractor. In 1991, Mr. Fuller’s | (¡charges amounted to $2,199.94. Mr. Fuller draws $450 from a drawing account in the name of Fuller Butane on the 5th and 20th of each month. At the end of the year these amounts are charged to contract labor. Mr. Fuller testified that he could draw the money out in a lump sum if he wanted, but that he preferred this method. He also testified that Fuller Butane, Inc. has no control over what hours he works and when he performs the work, although he said the $10,800 broke down to roughly $50 per hour.
Mr. Fuller maintains that he runs a financial and management consulting service named, Charles M. Fuller, Financial and Management Consultant. Acting in his capacity as corporate president, along with the other corporate officers, i.e., his mother and brother, Fuller Butane, Inc. contracted with Mr. Fuller to provide financial and management consulting services to the corporation. No written contract was submitted into evidence. Mr. Fuller has no financial and management consultant contract with any other business, although he has represented other companies as a lobbyist. He is currently employed with the Louisiana LP Gas Association as an employee performing functions similar to his work for Fuller Butane, Inc. Mr. Fuller testified that he is currently seeking other contract consulting opportunities.
The district court found that the ALJ erred in finding that Mr. Fuller maintains an office on the premises of Fuller Butane, Inc. Much of the confusion arises from the fact that Fuller Butane, Inc. and Mr. Fuller’s consulting service office are located on the same premises but occupy different offices. Mr. Fuller testified that his office houses the Louisiana LP Gas Association, Fuller Resources, and other businesses and nothing within the office is owned by Fuller Butane, Inc. He further testified that everything outside this office is owned by Fuller Butane, Inc., but the building itself is owned by his | yfamily in the same ownership percentages as Fuller Butane, Inc., and is not owned by the corporation. In other words, the same stockholders own both the office building and Fuller Butane, Inc. No rent is charged or paid by any of the tenants of the building, including Fuller Butane, Inc.
Mr. Fuller claims that management of the operation of the corporation is handled by his daughter in the capacity of office manager. There are two other full-time employees — a secretary and sales-delivery man, and there is a part-time sales-delivery man. Mr. Fuller maintains that because he does not drive a propane delivery truck, nor is he qualified to do so, he cannot be an employee of the corporation. No testimony was received regarding whether his daughter (the office manager) or the secretary are qualified to drive a propane delivery truck.
The district court, after reviewing the testimony and evidence, found that there was insufficient evidence to warrant the ALJ’s conclusions. Upon our review of the record, we conclude that the district court erred.
Under LSA-R.S. 23:1472(12)(E), services performed under a contract of hire are deemed employment for purposes of unemployment taxes unless and until it is shown to the satisfaction of the administrator that:
(1) the individual is free from control or direction over the performance of these services;
(2) the service is outside the usual course of business for which such service is performed, or the service is performed outside of all the places of business of the enterprise for which the service is performed; and
*706 (3) the individual is customarily engaged in an independently established trade, occupation, profession or business.
An individual claiming to be exempt from unemployment taxes under Louisiana Employment Security law has the burden of proving all three of the elements to the satisfaction of the administrator. Although we agree with the district court that, technically, the ALJ erred when it found that Mr. Fuller’s Roffice was located on premises of Fuller Butane, Inc., we conclude that there is sufficient evidence to uphold the findings of the ALJ and the conclusion reached in his opinion.
First, as previously stated, the “right to control” test is of little value in cases such as the instant case where the chief corporate officer and the individual claiming to independent contractor status are one and the same person. Although Mr. Fuller persisted in his claim that his financial and management consultant service was wholly separate from Fuller Butane, Inc., we find it interesting that Mr. Fuller is issued an American Express credit card as president of the corporation, but uses the card as an independent contractor. His testimony regarding this matter is vague. However, he testified that he spent not more than 15 or 20 hours working as president of the corporation in 1991, and most of this time was spent answering interrogatories in a lawsuit. It follows, then, that most of the $2199 of expenses charged on the American Express Card must have been incurred while Mr. Fuller was acting as a consultant. This arrangement is not typical of independent contractor arrangements.
Second, Mr. Fuller claims that his contract financial and management consulting work is outside the usual course of business for which such service is performed. Specifically, he claims that the usual course of business of Fuller Butane, Inc. is the retail sale and delivery of propane gas, and, inasmuch as he does not drive a delivery truck, his work is outside the usual course of business and thus, he contends he cannot be an employee. As noted earlier in this opinion, there is no testimony that either Fuller Butane, Inc.’s secretary or office manager drive a delivery truck, which we would venture that they do not. On the contrary, virtually every business has a division of labor whereby some employees do office work and some do field work. Likewise, in order to 1 ¡¡operate successfully and profitably, business decisions regarding financial expenditures, review of the bookkeeping, public relations, etc., i.e, the services performed by Mr. Fuller, are generally handled by upper echelon employees of the business or by a corporate officer.
Finally, we note that Mr. Fuller does not operate as a financial and management consultant for any business other than Fuller Butane, Inc. Although Mr. Fuller testified that has had extensive experience in the past as an accountant and as a lobbyist for other concerns, his sole client for which he provides the services in question is his own business. He thus fails to meet the final requirement of LSA-R.S. 23:1472(12)(E).
Therefore, we conclude that the ALJ had sufficient evidence to reach the findings and conclusions resulting from the January 28, 1993 hearing. We hold that the district court erred in reversing the decision of the ALJ finding that Mr. Fuller is liable for unemployment taxes for the years 1990, 1991, and 1992. The decision of the ALJ is therefore reinstated. Costs of this appeal are assessed to the appellee.
REVERSED.