Dear Mr. Young,
As Chairman of the Disciplinary Board for the Louisiana Board of Examiners of Certified Shorthand Reporters, you have asked for an opinion of this office regarding the application of La.C.C.P. art. 1434, which provides:
A. (1) A deposition shall be taken before an officer authorized to administer oaths, who is not an employee or attorney of any of the parties or otherwise interested in the outcome of the case.
(2) For purposes of this Article, an employee includes a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services and also includes a person employed part or full time under contract or otherwise by a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services. A party litigant does not include federal, state, or local governments, and the subdivisions thereof, or parties in proper person.
B. "Officer" as used in this Article means a certified shorthand or general reporter currently holding a valid certificate issued by the Board of Examiners of Certified Shorthand Reporters pursuant to the provisions of R.S. 37:2551 et seq., and an official court reporter, and a deputy official court reporter, as defined in R.S. 37:2555(B)(1) and (2). *Page 2 
C. In a video deposition, the deponent can be sworn by anyone authorized to take oaths. The oath shall be recorded on tape.
You ask whether it is a violation of the above quoted statute if a court/shorthand reporter enters into a contract with a particular attorney or law firm to agree to provide reporting services for a set fee over a set period of time.
Based on La.C.C.P. art. 1434, unless both parties stipulate otherwise[1] a deposition may not be taken before an employee of a party to the action, which includes: (1) a person having a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services; and (2) persons employed part or full time under contract or otherwise by any person having a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services.
The first restriction is straightforward: a court/shorthand reporter cannot contract directly with a party litigant to provide court reporting/shorthand reporting services. See
La. Atty. Gen. Op. No. 99-142. The second restriction prohibits a court/shorthand reporter from becoming an employee (neither part or full time, nor by contract or otherwise) of a person employed by a party litigant, which would include his/her attorney. Thus, the question becomes whether a court/shorthand reporter becomes an employee of the attorney when he enters into a contract to provide court reporting services for the attorney. If so, then such a contract would be prohibited by La.C.C.P. art. 1434.
The determination as to whether a worker is an employee or independent contractor is decided on a case-by-case basis taking into consideration the total relationship between the parties.Adams v. Greenhill Petroleum Corp., 93-795 (La.App. 5 Cir. 1994), 631 So.2d 1231, writ denied, 94-0477 (La. 1994), 635 So.2d 1114 The Restatement of Agency, § 220, provides a ten-point test for determining whether one who is acting for another is an employee or independent contractor.[2] The factors are: (a) the extent of control which, by the *Page 3 
agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the master or the workman supplies the instrumentalities, tools, and a place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is part of the regular business of the employer; (i) whether or not the parties believe they are creating relation of a master and servant; and (j) whether the master is or is not in business.
Each of these factors focuses on the control the employer has over the worker. A typical attorney and court/shorthand reporter relationship, the attorney should have very little control over the final product the reporter produces. The reporter uses a special skill and provides his/her own tools for the work done for the attorney. In most instances, an attorney would not have enough control over a court/shorthand reporter for the reporter to be considered an employee of the attorney. Considering these factors, it is our opinion that in a typical attorney and court/shorthand reporter relationship, the reporter does not become an employee of the attorney such that La.C.C.P. art. 1434 would prevent the two parties from contracting directly with one another for reporting services. The facts you describe are somewhat different from the typical arrangement between attorneys and court reporters. However, determining at what point a court/shorthand reporter who contacts with a law firm to provide reporting services ceases to be an independent contractor and becomes an employee of the attorney or firm is factual in nature and is a determination that must be left up to the courts.
Accordingly, it is the opinion of this office that pursuant to La.C.C.P. art. 1434, a deposition must be taken before someone authorized to administer oaths, who is not (i) an attorney of any of the parties, (ii) is not otherwise interested in the outcome of the case, or (iii) an employee of any of the parties of the case. Thus, *Page 4 
court/shorthand reporters cannot contract directly with party litigants to provide court/shorthand reporting services and cannot contract with any person having a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services. This statute does not prevent a party litigant's attorney from contracting with a court/shorthand reporter to take a deposition. However, the statute does prohibit a court reporter who is an employee of an attorney from taking depositions for that attorney. At what point a court reporter becomes an employee of an attorney will depend on the facts and circumstances of a particular case and is not a determination this office can make.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY: __________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] La.C.C.P. art. 1436 provides that "[u]nless the court orders otherwise and except as provided by Article 1425, the parties may by written stipulation provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions, and modify the procedures provided by these rules for other methods of discovery."
[2] Because of the rights, obligations, and liabilities that result from an employment relationship, many tests exist and have been employed by the courts to determine whether one is an employee or independent contractor. For purposes of unemployment insurance, to avoid the presumption that a worker performing services for wages is an employee, the employer must show: (i) worker is free from the principal's control in the performance of the hired services; (ii) the hired services are outside the usual business of the principal or are performed outside the principal's place of business; and (iii) the worker is engaged in an independent trade, occupation, or practice." Fuller Butane Co.,Inc. v. State, 27,642 (La.App. 2 Cir. 1995), 665 So.2d 701. For worker's compensation purposes, an "independent contractor" is defined by La.R.S. 23:1021(7). Louisiana's Supreme Court has noted in worker's compensation cases that the essence of an employer/employee relationship, rather than an independent contractor relationship, is the right of control. It cited the following factors in determining whether an independent contractor or an employer-employee relationship existed: 1) selection and engagement; 2) payment of wages; 3) power of dismissal; and 4) power of control. Hillman v. Comm-Care, Inc., 2001-1140 (La. 1/15/02), 805 So.2d 1157. None of these factors is determinative. Instead, the totality of the circumstances must be considered.
Examples of other tests commonly to determine one's status as an employee or independent contractor are as follows: The IRS has a twenty-factor test to determine whether one is an employee or independent contractor. See
Rev. Rul. 87-41, 1987-1 C.B. 296. In Nationwide Mutual Ins. Co. v.Darden, 503 U.S. 318, 112 S.Ct. 117 (1992),the U.S. Supreme Court adopted a twelve factor test to determine whether a worker was an employee subject to ERISA protection. A six-factor "economic realities test" is used to determine one's status as an employee under the Fair Labor Standards Act and the Family and Medical Leave Act. Reich v. Circle C.Investments, Inc. 998 F.2d 324 (5th Cir. 1993); Userv v. PilarimEquipment Company. Inc., 527 F.2d 1308 (5th Cir. 1976).