2015 VT 85

## Bradford's Trucking, Inc. v. Department of Labor

[125 A.3d 135]

No. 14-230

Present: **Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.**

Opinion Filed June 19, 2015

---

*Eileen Bradford,* Pro Se, Ferrisburgh, Plaintiff-Appellant.

*Dirk Anderson,* Montpelier, for Defendant-Appellee.

¶ 1. **Eaton, J.** Employer Bradford's Trucking, Inc. appeals from an Employment Security Board ruling that certain individuals

were employees of the company for purposes of assessing unemployment taxes. We affirm.

¶ 2. Employer is in the business of delivering sand and gravel to companies around Vermont. It is based in Ferrisburgh, and generally delivers to other businesses in central Vermont. It has had as many as nine employees, but at the time of these proceedings claimed to have only four.

¶ 3. In June 2012, the Department of Labor assessed employer for unpaid unemployment compensation contributions for several of its workers. Employer appealed with respect to three of the individuals in question. Following an evidentiary hearing, an administrative law judge (ALJ) sustained the Department's assessment of contributions. Employer then appealed to the Employment Security Board, which adopted the ALJ's findings and affirmed its decision.

¶ 4. The ALJ's findings with respect to the three workers may be summarized as follows. Eileen Bradford has worked for employer, a family-owned company, since it started in 1989, except for a four-year period between 2004 and 2008 when she was out of state. Her son is the company's current president, and she has served for years as its secretary/treasurer, a position she occupied during the years in question for purposes of this appeal. Ms. Bradford did the bookkeeping and payroll for employer since its inception.

¶ 5. Ms. Bradford testified that, in June 2008, she opened a bookkeeping business. She did not register the business with the Secretary of State. She testified that she had three clients, including employer, but that one stopped employing her in 2009, and another in 2010. She testified that she had no written agreements with the other two companies and did not send them invoices. Ms. Bradford was paid $25 per hour by employer for her bookkeeping services.

¶ 6. In 2010, Ms. Bradford started working full time for another company, and consequently hired a friend, Neil Swenor, to help with employer's books. Swenor was then working full time as a bookkeeper at a meat market and was looking to supplement his income. He worked for employer for about a year, working out of Ms. Bradford's home in Vergennes. He usually worked about seven to ten hours per week, for $14 per hour. Ms. Bradford signed Swenor's checks on behalf of employer. When Swenor left at the end of 2011, Ms. Bradford hired Kelsey Reed, her son's

fiancée, to replace him. Reed ran a daycare business. She worked for employer from January to August 2012, for approximately the same hours and rate of pay as Sweenor, and also worked out of Ms. Bradford's home. After Reed left, Ms. Bradford resumed doing all of the payroll and bookkeeping services for employer.

¶ 7. ■ To resolve employer's appeal, the ALJ and the Board applied 21 V.S.A. § 1301(6)(B).[1] Under this provision, all workers who receive wages are presumed to be employees, and the burden is on the employer to rebut this presumption by showing that the workers, "meet all three elements of the statutory exception commonly known at the ABC test." *Fleece on Earth v. Dep't of Emp't & Training*, 2007 VT 29, ¶ 7, 181 Vt. 458, 923 A.2d 594. "The failure of any one part of the test compels the conclusion that an employer-employee relationship exists." *Id.* The three elements of the exception are: (1) the worker "has been and will continue to be free from control or direction over the performance of such services"; (2) "[s]uch service is either outside the usual course of the business for which such service is performed, or . . . such service is performed outside of all the places of business of the enterprise for which such service is performed"; and (3) "[s]uch individual is customarily engaged in an independently established trade, occupation, profession, or business." 21 V.S.A. § 1301(6)(B)(i), (ii), (iii).

¶ 8. The Board affirmed the ALJ's finding that employer had met its burden as to the first part of the test, noting that Ms.

---

[1] This section provides:

Services performed by an individual for wages shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the Commissioner that:

(i) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his or her contract of service and in fact; and

(ii) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(iii) Such individual is customarily engaged in an independently established trade, occupation, profession, or business.

21 V.S.A. § 1301(6)(B).

Bradford was a corporate officer and therefore generally free from control and that employer exercised only "limited control" over Swenor's and Reed's payroll work.

¶ 9. The Board also agreed with the ALJ's finding, however, that employer had not met either of the independent elements of the second part of the test with respect to Bradford, Swenor or Reed. They concluded, in this regard, that bookkeeping was "integral" to and a "necessary part of doing business" for employer, and therefore was not "outside the usual course" of employer's business, and further concluded that the work was not performed "outside of all the places of business" of employer.

¶ 10. Finally, the Board affirmed the ALJ's finding that, while Ms. Bradford had established that she met the third part of the test because she was "providing bookkeeping services" for at least a couple of years, neither Swenor nor Reed was engaged in such a business when they worked for employer. Thus, because employer had failed to demonstrate that Ms. Bradford, Swenor, or Reed met all three of the statutory criteria, the assessments were sustained. This appeal followed.

¶ 11. Our review is deferential. We will affirm the Board's findings of fact unless clearly erroneous, and its conclusion of law if fairly and reasonably supported by the findings. *Bouchard v. Dep't of Emp't & Training*, 174 Vt. 588, 589, 816 A.2d 508, 510 (2002) (mem.).

¶ 12. Employer challenges the Board's conclusion, under the second part of the statutory test, that the individuals in question were not providing a service "outside the usual course of the business." Employer argues that bookkeeping is not part of the "usual" business of hauling gravel, and that the standard employed by the Board — whether the service provided is "integral" or "necessary" to the business — is not contained in the statute and is so broad as to apply to any outside service.

¶ 13. ■ We need not address this claim, however, as the record demonstrates that none of the individuals in question met other elements of the statutory test. See *Fleece on Earth*, 2007 VT 29, ¶ 7 (noting that "failure of any one part of the test compels the conclusion that an employer-employee relationship exists"). Thus, as summarized earlier, the record evidence here supports the Board's conclusion that neither Swenor nor Reed was "customarily engaged in an independently established" business, as required by

the third part, or Part C of the statutory test. 21 V.S.A. § 1301 (6)(B)(iii). This standard requires that employer show that the business in question was "established, independently of the employer or the rendering of the personal service forming the basis of the claim"; that the individual was engaged in the independent business "at the time of rendering the service"; that the individual was "customarily" or "regularly" so engaged; and that the business was "established," meaning "one that is permanent, fixed, stable and lasting." *Vt. Secs., Inc. v. Vt. Unemployment Comp. Comm'n*, 118 Vt. 196, 201, 104 A.2d 915, 917 (1954); accord *In re Bargain Busters, Inc.*, 130 Vt. 112, 119, 287 A.2d 554, 559 (1972).

¶ 14. ■ Employer has not carried its evidentiary burden under this standard. As noted, the ALJ found, and the undisputed record evidence showed, that Reed "did have an independently established trade, but it was not bookkeeping, but daycare." Furthermore, while it was clear that Swenor had worked as a bookkeeper, it was equally clear that his service was as an employee, not as the proprietor of an independently established business. Accordingly, employer failed to satisfy the third prong of the ABC test as to these individuals.

¶ 15. ■ As for Ms. Bradford, the record is equally deficient for purposes of meeting the first part of the statutory test, requiring that employer demonstrate that the individual "has been and will continue to be free from control or direction over the performance of such services." 21 V.S.A. § 1301(6)(B)(i). In this regard, the record showed, and the ALJ found, that, during all relevant time periods, Bradford served as the secretary/treasurer of the corporation. While the ALJ found that Bradford did not have many duties in this capacity, "primarily submitting minutes of the annual meeting, and arranging loans as needed," the record showed that as a corporate officer she also effectively managed all bookkeeping services for the corporation, which she performed herself for many years. When Bradford formed her own bookkeeping service in 2008, she exercised that oversight responsibility by hiring Swenor, and then Reed, to do the corporation's bookkeeping, trained them, and signed their paychecks. When her own business faltered, Bradford resumed doing the company's books.

¶ 16. ■ Thus, as a corporate officer Bradford effectively managed and directed herself or others performing bookkeeping services on behalf of employer, and therefore did not satisfy Part

A of the statutory test requiring freedom from the employer's "control or direction." 21 V.S.A. § 1301(6)(B)(i); see, e.g., *Provident Inst. for Sav. in Jersey City v. Div. of Emp't Sec.*, 161 A.2d 497, 501-02 (N.J. 1960) (noting that, while a corporation is a "separate and independent entity," services "in which the [corporate] officer actively participates would seem to constitute the rendition of a service for and on behalf of the corporation") (quotations omitted); see also *Fuller Butane Co. v. State*, 665 So. 2d 701, 706 (La. Ct. App. 1995) (observing that "the 'right to control' test is of little value . . . where the chief corporate officer and the individual claiming to independent contractor status are one and the same person"). Although the ALJ reached a different legal conclusion, our review in this regard is nondeferential. See *Fleece on Earth*, 2007 VT 29, ¶ 26 ("While the Court owes deference to the Board, we are not bound by an erroneous construction of the law.").[2] Accordingly, we discern no basis to disturb the judgment.

*Affirmed.*

---

[2] We note that federal employment-tax law generally provides that a corporate officer is an employee of the corporation, see 26 U.S.C. §§ 3121, 3306; 26 C.F.R. § 31.3306(i)-1(e), but there is a split in its interpretation, one approach holding that a corporate officer may enjoy a "dual capacity," performing some services for the company in other than his or her official role, *Idaho Ambucare Ctr., Inc. v. United States*, 57 F.3d 752, 756 (9th Cir. 1995), the other incorporating a "strict 'substantial services' test," which assumes that an officer performing any nonminor service is an employee without considering the role in which such services are performed. *Id.* We need not consider this issue here, however, as Bradford's role remained consistently that of an employee under the employer's direction in performing and managing the company's bookkeeping services.